# Bentley, *et al.* *v.* Barnes.

*Bill for Specific Performance.*

(Decided June 30, 1909.  50 South. 361.)

1. *Parties; Necessary Parties; Consent.*—One cannot be made a party complainant without his consent, and if he be a necessary party and refuses to be made a party complainant, he must be made a party respondent.

2. *Equity; Amendment After Demurrer for Multifariousness; Election.*—Where a demurrer has been sustained to complainant's bill for multifariousness, he may elect which one of the purposes of the bill he will insist on, and strike the other by amendment, and in so doing does not render the bill bad as for a departure.

3. *Specific Performance; Contract; Enforcement.*—In seeking to enforce a contract to convey real estate the fact that the purchaser also seeks to require the vendor and a third person to whom part of the property has been conveyed with knowledge of the interest of the purchaser therein, to account for the proceeds of such property sold and converted does not change the nature of the contract, since it relates to the land.

4. *Same; Part Performance; Effect.*—A parol contract to convey land executed by a payment of part of the purchase money and the delivery of possession to the purchaser, may be specifically enforced, notwithstanding the statute of frauds.

5. *Same; Contracts Enforcible; Execution.*—Where the contract has been executed in part by the payment of the purchase price and the delivery of the possession of the property, it may not be said to be fully executed, and the purchaser may compel its complete execution by having the legal title conveyed.

6. *Same; Parties.*—Where one takes a conveyance of property with notice of the rights of the vendee such an one occupies the position of trustee with the vendor for the vendee and is a proper party to a

bill by the purchaser to compel the specific performance of the contract to convey and to account for the proceeds of property sold and conveyed.

APPEAL from Covington Chancery Court.

Heard before Hon. L. D. GARDNER.

Bill by W. R. Barnes against A. J. Bentley and another to compel specific performance of contract. Decree for complainant and respondents appeal. Affirmed.

C. E. REID, and POWELL, ALBRITTON & ALBRITTON, for appellant. The bill as amended introduced a new cause of action and was without right.—*Glass v. Glass,* 76 Ala. 368; *Ward v. Patton,* 75 Ala. 207; *Rapier v. Gulf City Co.,* 69 Ala. 476; *Scott v. Ware,* 64 Ala. 174. On the authority of *Bentley v. Barnes,* 47 South. 159, the decree of the chancellor should be reversed and the cause remanded.

FOSTER, SAMFORD & CARROLL, and HENRY OPP, for appellant. An unwilling complainant, who is a necessary party, may be made a party respondent.—15 Cyc. 196; 15 Ency. P. & P. 672, 989, 990; 1 Dan. Ch. Pr. 273. The bill was not multifarious.—22 Ency. P. & P. 199; *Decatur v. Cook,* 27 South. 559.

SIMPSON, J.—This case was before this court at a previous term, and a full statement of the case as it then stood will be found in *Bentley et al. v. Barnes,* 155 Ala. 659, 47 South. 159. In that case the bill was held to be multifarious.

According to the original bill it was alleged that said Bentley, being the owner of certain real estate, agreed with the complainant to convey the same to him, if complainant would take up certain mortgages thereon; that complainant did take up said mortgages, and was placed

[Bentley, et al. v. Barnes.]

in possession of said property by said Bentley; but that afterward said Bentley excluded complainant from possession and continued to carry on the turpentine business on said land. Subsequent to the former decision of this court, for the purpose of eliminating the multifarious feature of said bill, the same was amended, by striking out all provisions seeking the settlement and accounting of the partnership of W. R. Barnes & Co., and the bill as it now stands seeks only the specific performance of the contract to convey the property, and, as incident thereto, that said Bentley be held to be a trustee in invitum of the property, while the complainant was kept out of the possession thereof, and that said Bentley and the Ash-Carson Company, to whom said Bentley had conveyed part of the property with full knowledge of the interest of complainant therein, be required to pay to the complainant the amount due for proceeds of the property sold and converted while plaintiff was kept out of possession by them. The Naval Stores Company is interested with the complainant in the property, and the bill alleges that said company refused to be made a party complainant to this bill, on which refusal the complainant makes said company a party defendant to the bill.

The first insistence of appellee is that said Naval Stores Company is a necessary party complainant, and that the making of it a party defendant does not satisfy that requirement. A party cannot be made a party complainant without his consent, and when he is a necessary party, and refuses to be made a party complainant, the proper course is to make him a party defendant.— 15 Ency. Pl. & Pr. 672, 673, 989, 990; 1 Dan. Ch. Pr. 273.

It is next insisted that the bill as amended is an entire departure from the original bill, because the main purpose of that bill was to settle the partnership of W.

R. Barnes & Co. There is no force in this contention. When a demurrer is sustained for multifariousness, it is manifestly the right of the complainant to select which of the purposes of the original bill he will insist on.

It is next insisted that the bill is without equity, because the contract which it seeks to enforce has been executed. This position is not tenable. The contract related to land, and the fact that, in enforcing his contract, the complainant seeks also to require the defendants to account for that part of the property which has been converted into personal property and disposed of, does not change the nature of the contract. While the payment of the purchase money and the delivery of possession of the property relieves the contract of the statute of frauds, yet the contract is not fully executed, and the complainant has a right to have it completely executed by the conveyance of the legal title.—*Brewer v. Brewer & Sagen*, 19 Ala. 481, 488; *Arrington v. Porter*, 47 Ala. 714, 721; *Breitling's Adm'r v. Clarke & Co.*, 49 Ala. 450, 452.

Without rehearsing the rules with regard to multifariousness, which were stated in this case when it was before this court at a previous term, we hold that the bill as it now appears is not multifarious. The Ash-Carson Company, by taking an interest in the property with Bentley with full notice, occupies the same position as a trustee in invitum as said Bentley, and it is proper to make all persons through whose hands the proceeds of the property has passed parties defendant.—22 Encyc. Pl. & Pr. 199; *Decatur Land Co. v. Cook*, 27 South.559.

The decree of the chancellor is affirmed.

Affirmed.

DOWDELL, C. J., and DENSON and MAYFIELD, JJ., concur.