# McDaniel *v.* Turnipseed.

*Bill for Reformation and to Establish Boundary.*

(Decided Feb. 8, 1910.—51 South. 757.)

*Equity; Bill; Multifariousness.*—In a bill filed against the heirs of the grantor of complainant, complainant alleges certain facts as an inducement to a prayer for reformation of the instrument, so as to properly describe the lands intended to be conveyed, and also alleges that an adjoining landowner had obliterated the boundaries existing between the land and taken possession of a certain strip of land belonging to complainant, upon which state of facts he bases a prayer for the appointment of a commission to establish and define the boundary line between the complainant's land and this other outside landowner, and for rents, etc. Held, such a bill is multifarious as bringing in distinct parties having no connection with each other, and is a bill to which section 3095, Code 1907, has no application.

APPEAL from Bullock Chancery Court.

Heard before Hon. L. D. GARDNER.

Bill by James McDaniel against the heirs of John Campbell to reform a deed, and against D. C. Turnipseed to re-establish boundaries obliterated, and for rents, etc. From a decree sustaining demurrers to the bill, complainant appeals. Affirmed.

NORMAN & SONS, for appellant.—The bill cannot be said to be multifarious.—*Stoddard v. Kelly,* 50 Ala. 452; *Chapman v. Chum,* 5 Ala. 397; *Colburn, et al. v. Broughton,* 9 Ala. 351; *Kennedy's Heirs & Execu. v. Kennedy's Heirs,* 2 Ala. 608; *M. & C. P. R. R. Co. v. Talmon & Ralston,* 15 Ala. 485; Mitford Ch. Pl. pp. 163-4.

L. M. MOSELEY, and MARK D. BRAINARD, for appellee.—The appeal should be dismissed because no organization of the court is shown and the record does not

show that the appeal was taken from a decree render-
ed at a regular or special term of the court.—*Tidmere
v. Perrett,* 42 South. 818.   The bill was clearly multifa-
rious and open to the demurrers assigned.—*Waller  v.
Taylor,* 42 Ala. 297; *Truss v. Miller,* 116 Ala. 494; *Clay
v. Gurley,* 62 Ala. 14; 62 Ala. 456; 49 Ala. 43.

SIMPSON, J.—The record shows that the pleadings
were filed, and that by written agreement, filed accord-
ing to law, the cause was submitted to the chancellor,
in vacation, for a decree on the demurrer to the bill,
and the decree rendered in vacation.   Consequently no
further organization of the court need be shown, and
the motion to dismiss the appeal is overruled.

The bill was filed by the appellant to reform a deed
made to complainant in 1879 by John Campbell and
wife, making the heirs of said Campbell parties defend-
ant, and also alleges that complainant went into pos-
session of the land intended to be conveyed at the time
of the execution of said deed, that the correct bounda-
ries were marked, and complainant remained in posses-
sion, and never learned of the mistake in the description
of the land in the deed, until a few months ago; that
one D. C. Turnipseed, who owns land adjoining the
land in question, had a survey made a few years ago,
to which complainant was not a party, and took pos-
session of a strip of about eight acres of said land, ob-
literating the boundaries which had been marked out.
On this state of facts, in addition to the prayer. for a
reformation of the deed, so as to describe the land in-
tended to be conveyed, the bill also prays that "a com-
mission be appointed to establish and define the boun-
dary line between the land of complainant and the land
of said D. C. Turnipseed," that the boundary line be
established, and that a decree be rendered in his favor
against said Turnipseed for rents, etc.

[Morrison v. Morrison.]

It will be seen that the bill brings into court two distinct parties, having no connection with each other. It seeks against one the reformation of a deed, in which the other party has no interest, and seeks against the other the establishment of the boundary line between said party and complainant, and also to compel an accounting for rents on account of a strip of land which it is claimed said party has taken from the possession of the complainant, in all of which the first parties defendant have no interest at all. It is not necessary to enter into an elaborate discussion of the doctrine of multifariousness, to show that the bill is multifarious. —*Bentley et al. v. Barnes*, 155 Ala. 659, 47 South. 159; Sims' Chancery Practice, § 232 et seq.

Section 3095 of the Code of 1907 has no application. The matters complained of are not only not "between the same parties," but they do not grow "out of the same subject-matter," nor are they "founded on the same contract or transaction." The chancellor correctly sustained the demurrer of Turnipseed on the ground of multifariousness, and his decree is affirmed.

Affirmed.

DOWDELL, C. J., and McCLELLAN and MAYFIELD, JJ., concur.