[Bentley, et al. v. Barnes.]

# Bentley, *et al. v.* Barnes.

## *Specific Performance.*

(Decided April 19, 1911. 55 South 130.)

1. *Equity; Amendment; Making New Cases.*—The amendment stated and held not to make an entirely new case.

2. *Election of Remedy; Necessity.*—Where a complainant agreed to take up certain mortgages given by the defendant upon his land, in consideration that defendant transfer all his interest in the partnership and its property, and complainant took an assignment of the mortgages, he cannot both enforce the mortgages and insist that he is the owner of the partnership property of which the defendant had wrongfully retaken possession.

3. *Specific Performance; Defenses; Incomplete Relief.*—A specific performance of respondent's promise to convey lands, made in consideration of complainant's executory agreement to pay certain debts of the respondents, will not be awarded because if complainant should afterwards refuse to pay the debts, the respondent would be left to an action at law to enforce complainant's promise and complete relief could not be granted by a decree for specific performance.

APPEAL from Covington Chancery Court.

Heard before Hon. L. D. GARDNER.

Bill by W. R. Barnes against A. J. Bentley and another. From a decree overruling demurrer to the bill respondent appeals. Affirmed.

CLIVE E. REID, for appellant. Counsel insists that by the amendment a departure from the original bill of complaint as last amended was had, and that under the allegations of the bill, no specific performance would be granted.—*Jones v. Jones,* 155 Ala. 644. When a party has assumed a particular judicial position with a knowledge of the facts, he is estopped from assuming an inconsistent position to the prejudice of the other party.—*Brown v. French,* 159 Ala. 645. Counsel urges other matters but without further citation of authority.

[Bentley, et al. v. Barnes.]

FOSTER, SAMFORD & CARROLL, and HENRY OTT, for appellee. Counsel discuss the propositions involved, but without further citation of authority than the previous reports of this case in 155 Ala. 659, and 162 Ala. 524.

SAYRE, J.—This case has been here twice before. 155 Ala. 659, 47 South. 159; 162 Ala. 524, 50 South. 361. In the shape to which the bill has come after a number of amendments relief is prayed against the defendants Bentley and the Ash-Carson Company. On. the last submission in the chancery court, the demurrers of the defendants named to the bill as last amended were overruled. Bentley alone assigns errors, a severance having been granted, and so the case will be considered as it now stands between him and the complainant.

We state the case made by the original bill as follows: Bentley, who was engaged in farming and producing rosin and turpentine, had become indebted to Benson, Henderson & Co., and to secure his indebtedness had given them three several mortgages on a certain 52-acre tract of land, his live stock, and the future products of his turpentine orchard. Pending this status, he had formed a partnership with one Anderson for the purpose of carrying on his turpentine business. There is no averment, nor anything to afford an inference, that Anderson acquired any interest in Bentley's land. Later on Anderson had sold his interest in the partnership business to the Union Naval Stores Company, a corporation. Representing to complainant that he was indebted to Benson, Henderson & Co., as evidenced by the mortgages, and that he had agreed with complainant "that, if he (complainant) would take up said mortgages to Benson, Henderson & Co., he, the said Bentley, would immediately convey to complainant all

33—171

of his interest in said partnership and the assets and property thereof." It is shown that, pursuant to this agreement, complainant did take up said mortgages to Benson, Henderson & Co., and procured them to be assigned to him in writing. It is further shown that "thereafter the defendant Bentley executed said agreement to convey said interest in said property to complainant by delivering the possession thereof to complainant," but that about two months afterwards he wrongfully retook possession of the property and business, excluding complainant therefrom and operating the same for his own benefit, and that much of the property was thereafter sold by him to the Ash-Carson Company which had notice of the rights of complainant and the partnership of which he was a member. The prayer for relief against Bentley was that it be declared that he had no rights of any kind in and to any of "said property"; that "an accounting be had of the amount due to the complainant and the said Union Naval Stores Company as the holder of the other interests in said partnership business, and that, if it be necessary for the payment of such amount as may be due to complainant under the security of said mortgages, said mortgaged property or so much thereof as may be necessary may be sold * * * to pay the same." In the first amendment to the bill, it is alleged that complainant holds and retains the mortgages "as security for the performance by the defendant Bentley of his contract to convey to the complainant his interest in said partnership," and that Bentley has failed and refused to execute to complainant a deed conveying his interest in said partnership and its effects." The bill, as first amended, then states that, while complainant was in possession of the partnership property, he formed a partnership with the Union Naval Stores Company,

which had purchased the interest of Anderson, for the conduct of the business under the firm name of W. R. Barnes & Co., and that later this partnership had been dissolved by mutual consent, but that there had been no settlement of its affairs. The prayer for relief against Bentley is "that your honor will order the respondent Bentley to execute a conveyance to orator of his interest in all the assets and effects belonging to the partnership of W. R. Barnes & Co., and to said partnership of Bentley & Anderson, so as to convey the entire interest of the respondent Bentley therein." The prayer for an accounting of the mortgage debt and a sale of the mortgaged property is omitted. At this point an appeal was taken, and the bill was held to be multifarious. 155 Ala. 659, 47 South. 159. By the second amendment, the bill is made to say that the Naval Stores Company refuses to join as a party complainant. Complainant offers, upon relief granted, to cancel and surrender the mortgages "so far as the said Bentley is concerned." The Naval Stores Co. is retained as a party defendant for the reason that it is interested in the relief prayed against the Ash-Carson Company. The prayer for relief is that complainant may be decreed to have a "complete equity or trust in and to the interest of the said A. J. Bentley in the affairs of W. R. Barnes & Co.," and that he be held and decreed a trustee in invitum of complainant's equitable interest in such partnership property which went into his hands, and that the court divest him of his legal title thereto and vest the same in complainant. The prayer for a settlement of the affairs of the partnership between complainant and the Union Naval Stores Company is omitted from the bill. It will be observed that so far there is no averment that the tract of land described in the several mortgages became partnership property, or that complainant at any time or in any

way, except as assignee of the several mortgages, acquired any right, title, or interest therein. In the third and last amendment it is alleged that the firm of Anderson & Bentley were indebted to the Union Naval Stores Company and to their own employees; that as a result of contemporaneous agreements Anderson sold his interest in the partnership business to the Naval Stores Company, while complainant agreed to take up the mortgages held by Benson, Henderson & Co., and to assume the indebtedness of Anderson & Bentley to their employees and to the Naval Stores Company, in consideration whereof Bentley agreed to convey to orator his entire interest in the partnership business including the 52-acre tract of land described in the said several mortgages. It is averred, again, that Bentley put complainant into possession of the land, that complainant has paid to Benson, Henderson & Co. the amount due on the mortgages, and that they were transferred to complainant and are held as security for the performance by the said Bentley of said contract." Then the averments in respect to the formation and dissolution of the partnership between complainant and the Naval Stores Company are repeated. It is alleged that Barnes & Co. had paid to the Naval Stores Company $500 or $600 of the indebtedness due to it from Anderson & Bentley, leaving a balance due of about $550. The amendment further shows that, since the last continuance of the cause, the respondent, the Union Naval Stores Company, has transferred and conveyed to this complainant all of the right, title, claim, and interest in and to the partnership effects of W. R. Barnes & Co. on behalf of which relief is sought. The last prayer is that a decree may be rendered adjudging and declaring that complainant has an equity in and to the interest of A. J. Bentley in the affairs of W. R. Barnes &

[Bentley, et al. v. Barnes.]

Co., and in the 52-acre tract of land; that defendant Bentley be held and decreed to be a trustee in invitum of complainant's equitable interest in such of the partnership property as went into his hands; and that defendant be divested of his legal title thereto, and that the same be vested in complainant. All along the bill contains a prayer for relief against the Ash-Carson Company on account of the property of complainant wrongfully received and converted by it, and in the first amendment it is averred that a discovery by the said Ash-Carson Company is necessary to complainant's' relief.

Appellant insists that by the several amendments an entirely new case is made. From the foregoing statement, which it has seemed necessary to make in order to have the case understood, it appears that by the last amendment the contract alleged in the bill as originally filed to have been made between complainant and Bentley has been enlarged in two directions, namely, to complainant's obligation to take up the mortgages held by Benson, Henderson & Co., has been added his duty to assume the indebtedness of Anderson & Bentley to their employees and to the Naval Stores Company, to Bentley's engagement to convey his interest in the partnership property has been added his agreement to convey his title in the 52-acre tract of land, his individual property. The prayer for a settlement of the partnership affairs between complainant and the Naval Stores Company having been eliminated, the bill, as originally filed, is construed to mean that complainant would have the court decree that Bentley has no longer any interest in the property that once belonged to the partnership of Anderson & Bentley, and that the assets of that partnership in the hands of Bentley and the Ash-Carson Company be collected for the benefit of complainant and its partner the Naval Stores Company. This

purpose runs consistently through the bill from first to last, and no valid objection to its equity has been taken by the demurrer. As to the 52-acre tract of land, the original bill seems to have been designed to bring about a foreclosure for complainant's individual benefit. As the bill now is, it seems to demand a specific performance of Bentley's promise to convey the 52-acre tract. By his original bill the complainant treated the land as the individual property of the defendant Bentley which was to be subjected to a lien in favor of complainant as assignee of the Benson, Henderson & Co. mortgages. By the bill as last amended, complainant treats the land as belonging in equity to him. Complainant has shifted the ground upon which he stands for relief as to the land. As to the land, he has made a new case. It may be doubted that he could maintain either case on the facts alleged.

In respect to his claim as assignee of the mortgages, on the facts stated in the original bill, it may be said that when complainant became the owner of Bentley's interest in the parenership and property of Anderson & Bentley, which did not include the land, he received every benefit contracted for as the consideration which moved him to discharge the mortgage debt due to Benson, Henderson & Co. He could not at once insist upon his ownership of the partnership property, as he all along has been doing by his bill, and claim to be reimbursed out of Bentley's individual property for the purchase price of that interest. In respect to his claim to specific performance by a conveyance of the legal title to the land, it may be that he is not entitled to that relief, for the reason that he has not paid in full the debt to the Naval Stores Company nor any part of the debts of Anderson & Bentley to their employees, both which, according to the averments of the last amendment, he assumed to do.

If it be said that he assumed not to pay those debts presently, but merely to become responsible for their future payment, and that by filing this bill he has become irrevocably bound, and so has fully executed the contract on his part, the case still appears to be one in which equity will not decree specific performance for the reason that such decree cannot be made to accomplish complete equity between the parties—it would leave Bentley to be made whole by an action at law in the event complainant should hereafter fail or refuse to pay. But at this time we need not say anything final in respect to complainant's right to a conveyance of the land, for there is no demurrer going to this part of the bill. The demurrer is to the bill as a whole, and the question is whether the bill as last amended has altogether departed from the case stated in the original bill. By this last amendment new questions have been, or doubtless will be, injected into the cause by the prayer for specific performance of the contract for the conveyance of land, but the rights of the parties to this appeal, as between them, depend entirely upon the contract into which they have entered. The claim for relief is still based upon the contract alleged in the original bill, though the effect of that contract has been amplified as hitherto noted. In large part, however, the facts alleged and relief sought have not been changed. And precedents warrant the holding that the bill as last amended is not objectionable as stating an entirely new case. To hold otherwise would be to say that the complainant may not in one bill enforce against Bentley all the rights which have accrued to him by his contract as it is now alleged. That cannot be. The question of practical importance to the parties to this appeal is whether as for any objection to the bill as a whole the complainant shall be permitted to proceed to the proof of his

[Bentley, et al. v. Barnes.]

case as alleged in the amended bill, or whether he should be put to the filing of another. All considerations seem to us to indicate the adoption of the first alternative. *Johnson v. Durner,* 88 Ala. 580, 7 South. 245; *Collins v. Stix,* 96 Ala. 338, 11 South. 380; *Hawkins v. Pearson,* 96 Ala. 369, 11 South. 304.

It appeared from the bill in its earlier stages that the indebtedness of Bentley & Anderson to the Naval Stores Company was secured by a mortgage deed of trust covering all the property of the grantors. This indebtedness was assumed by complainant. When the Naval Stores Company was made a party defendant for the purpose of a settlement between it and complainant, it filed a cross-bill seeking to foreclose its mortgage. The averment now is that since the filing of this bill the Naval Stores Company has transferred to complainant all its right, title and interest in and to said deed of trust in the property of the partnership heretofore existing between it and complainant, and in this suit, and complainant now offers to surrender and cancel the same so far as it creates a liability against Bentley & Anderson. If the equity of complainant's case depended upon the new status created by the facts here shown, it could not be maintained. But complainant's equity, alleged in the beginning, has persisted, and remains unchanged except as to its quantum. It was permissible to enlarge his rights and to have an enlarged relief on the theory proposed by the last amendment. *Scheerer v. Agee,* 113 Ala. 383, 21, South. 81.

We believe these observations have covered the points made in appellant's brief. We find no error, and the decree will be affirmed.

Affirmed.

SIMPSON, ANDERSON, and SOMERVILLE, JJ., concur.