# Brown, *et al. v.* Sheridan.

## *Specific Performance.*

(Decided November 27, 1913.   64 South. 68.)

*Equity; Bill; Multifariousness.*—The bill considered, and it is held that the only equity in the bill was the right to specific performance by the execution and delivery of a deed, and that the alternative prayer being unsupported by any averments should be rejected as surplusage, and did not render the bill multifarious.

APPEAL from Morgan Law and Equity Court.

Heard before Hon. THOMAS W. WERT.

Bill by John M. Sheridan against E. M. Brown and others, to specifically perform. From a decree overruling demurrers, respondents appeal. Affirmed.

The bill shows that respondents sold to complainant certain real estate, and that he has paid them the agreed purchase price, received possession from them, and made valuable improvements. It is alleged that complainant, since the full execution of the contract on his part and prior to the filing of the bill, has tendered to

[Brown, et al. v. Sheridan.]

respondent a warranty deed, conveying the premises, with the request that it be executed, but that they have failed and refused to execute and deliver the deed to complainant. The prayer is that respondents be required to execute and deliver a good deed conveying the premises to complainant pursuant to the contract of sale, with an alternative prayer that, if a good deed cannot be made, respondents be required to repay to complainant the purchase price paid by him, together with the reasonable value of complainant's permanent improvements placed on the premises, under said contract, and also his other expenses thereunder and a reasonable attorney's fee. There is a further alternative in the prayer that, if complainant is not entitled to a decree specifically enforcing the contract of sale, a lien upon the premises be decreed in favor of complainant for the items above mentioned, including also complainant's damages for breach of the contract, and that the land be sold for its satisfaction, with a decree over for any balance remaining unpaid thereafter.

Respondents demurred to the bill on numerous grounds substantially as follows: Because (1) it is without equity; (2) the terms of the contract are not sufficiently shown; (3) it seeks a recovery for permanent improvements without showing their value, or that they were made by respondent's request; (4) it is multifarious in the alternative relief sought; (5) complainant is not entitled to recover back the money paid, in any aspect of the case; (6) attorney's fees are not recoverable; (7) improvements are not recoverable; (8) purchase money, improvements, damages, attorney's fees, etc., are not recoverable in this proceeding.

There was a separate demurrer to this part of the bill praying for alternative relief on the grounds: (1) It is without equity; (2) the remedy at law is adequate;

and (3) such relief is inconsistent with the facts stated in the bill. These demurrers were overruled, and the appeal is from that decree.

KYLE & HUTSON, for appellant. The bill does not sufficiently set up and set forth the contract of purchase.—*Westbrook v. Haynes*, 137 Ala. 572; *Mitchell v. Wright*, 155 Ala. 458; *Roquemore v. Mitchell*, 167 Ala. 475. Attorney's fees are not recoverable as part of the damage.—*Manning v. Cohan*, 50 South. 778. Damages for breach of contract are not recoverable.—*Nelson v. Lee*, 53 South. 1023. The relief prayed must be that which is legally demandable under the contract. —*Homer v. Graffagino*, 46 South. 305. A special prayer inconsistent with the facts stated in the bill cannot be made the basis of relief.—*Taylor v. Dywer*, 131 Ala. 91.

WERT & LYNNE, for appellee. No brief reached the Reporter.

SOMERVILLE, J.—The bill of complaint sufficiently shows an agreement for the sale and purchase of real estate, which has been fully executed in every respect except in the implied obligation of the vendors to make and deliver a good and sufficient deed to the vendee. —*Bentley v. Barnes*, 162 Ala. 524, 50 South. 361.

It is evident that the only equity exhibited by the bill is the vendee's right to have such a deed from his vendors. The facts recited do not suggest and cannot support any other relief. The alternative prayers, being without support in the averments of the bill, even though inconsistent therewith, do not render the bill multifarious or demurrable but will be treated as redundant and disregarded.—*Staton v. Rising*, 103 Ala. 454, 15 South. 848; Sims' Chan. Prac. § 244.

If, upon final hearing, the stated equity is not established, the bill cannot be retained for the award of purchase money or damages, but will be dismissed.—*Bromberg v. Eug. Construction Co.*, 158 Ala. 323, 48 South. 60, 19 L. R. A. (N. S.) 1175; *Nelson v. Lee*, 53 South. 1023. There is equity in the bill, and it is not subject to demurrer on any of the grounds assigned. Should the chancellor grant relief in excess of what is authorized by the averments of the bill, the remedy of respondents would be by appeal from the final decree.

The decree of the chancellor will be affirmed.

DOWDELL, C. J., and MCCLELLAN and SAYRE, JJ., concur.