## SMITH v. LINEVILLE NAT. BANK.
### (7 Div. 95.)

(Court of Appeals of Alabama. April 21, 1925. Rehearing Denied June 30, 1925.)

**1. Equity ⊜15—Defense to note of payments and set-off for professional services held not subject to equitable jurisdiction.**

In suit on promissory note, where defendant, under Code 1923, § 6490, sought to transfer cause to equity side of docket, *held*, that defense that defendant was entitled to certain credits for payments and other set-offs for professional services was simple matter of ascertainment, and not of itself subject to equitable jurisdiction.

**2. Attorney and client ⊜127—Relationship of attorney and client, although fiduciary, does not of itself present case for equity jurisdiction.**

While relation of attorney and client is fiduciary, yet, if there is no complexity or difficulty in account between parties, fact alone of relationship does not present case for equity jurisdiction.

**3. Banks and banking ⊜227(2)—Question of mismanagement of bank by officers cannot be made an issue in suit on note by bank against one of stockholders.**

Question of mismanagement by officers of affairs of bank, of which defendant was stockholder, was res inter alios acta and could not be made an issue between parties, in suit where bank was suing defendant on note.

Appeal from Circuit Court, Clay County; E. S. Lyman, Judge.

Action in assumpsit by the Lineville National Bank against Walter S. Smith. From a judgment for plaintiff, defendant appeals. Affirmed.

Certiorari denied by Supreme Court in Ex parte Smith, 213 Ala. 699, 106 So. 55.

The summons is as follows:

"To any sheriff of the State of Alabama, Greeting:

"You are commanded to summon Walter S. Smith to appear before the circuit court of Clay county, Ala., and within 30 days from service hereof to plead, answer, or demur to the complaint of the Lineville National Bank of Lineville, Ala., a corporation.

"Witness my hand this the 17th day of August, 1923. W. C. Dempsey, Clerk."

The record shows the following indorsement:

"Executed by serving a copy on Walter S. Smith, 8/17/23. J. W. Stewart, Sheriff."

Defendant moved to dismiss the cause on the ground, in substance, that the summons is not in the form prescribed by law and is void.

Walter S. Smith, of Lineville, for appellant.

The jurisdiction of equity will extend to all cases of mutual accounts, or where a discovery may be needed, or where there are fiduciary relations between the parties. 1 C. J. 56, 63; Hall v. McKeller, 155 Ala. 508, 46 So. 460; Kilbourn v. Sunderland, 130 U. S. 505, 9 S. Ct. 594, 32 L. Ed. 1005. The motion to transfer the cause to the equity docket should have been granted. Peebles v. Bank of Pollard, 201 Ala. 518, 78 So. 872. The summons is not substantially in the form of the statute. Code 1923, § 9417.

Pruet & Glass, of Ashland, and J. J. Cockrell, of Lineville, for appellee.

The summons is sufficient. Davis v. McCary, 100 Ala. 545, 13 So. 665; Varner v. Barrett, 209 Ala. 256, 96 So. 70; A. C. L. v. Carroll, 208 Ala. 361, 94 So. 820. Appellant's alleged set-offs for legal services are matters of calculation merely, which show no confusion or complication of accounts. Dargin v. Hewlitt, 115 Ala. 515, 22 So. 128; Pollak v. Claflin Co., 138 Ala. 648, 35 So. 645; Hall v. McKellar, 155 Ala. 509, 46 So. 460.

SAMFORD, J. This suit was brought on a promissory note. Invoking the right given under section 6490 of the Code of 1923, defendant, by motion, sought to transfer the cause to the equity side of the docket. The motion was tested by demurrer, demurrer was sustained, and defendant presents this action of the court as error. When brought to its last analysis, the motion was based upon the following allegations: (1) That the debt due by him to plaintiff was evidenced by one note for a sum certain, and that as an offset plaintiff was due him attorney fees for services rendered during a period of 10 years or more; (2) that defendant was a stockholder in plaintiff corporation, and that its officers and directors had mismanaged the bank in certain particulars.

[1, 2] 1. The claim on the part of plaintiff consisted of one item evidenced by a promissory note signed by defendant, as to which defendant was entitled to certain credits for payments admitted to have been made by him, and defendant claimed other set-offs for professional services rendered to plaintiff

---

⊜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

during a series of years. This was a simple matter of ascertainment, and would not of itself be the subject of equitable jurisdiction. Crothers, Adm'r, v. Lee, 29 Ala. 337; Knotts v. Tarver, 8 Ala. 743; Hudson & C. Co. v. Vaughn, 57 Ala. 609. While it is true that the relation of attorney and client is fiduciary, if there is no complexity or difficulty in the account between the parties, the fact alone of the relationship does not present a case for equity jurisdiction. Crothers v. Lee, 29 Ala. 337.

[3] 2. The question of the mismanagement of the affairs of the bank by its board of directors and officers was res inter alios acta, and could not be made an issue between these parties in a suit wherein plaintiff and defendant are alone concerned. McDaniel v. Turnipseed, 165 Ala. 189, 51 So. 757.

The motion to dismiss the case on the ground of insufficiency of service is without merit. Davis v. McCrary & Dean, 100 Ala. 545, 13 So. 665.

We find no error in the record, and the judgment is affirmed.

Affirmed.