sonalty, and to that alone can she look for satisfaction.

Consideration was given upon the former appeal, looking to the further progress of the cause, to the claim of the respondent Marie B. Cook, the widow of said testator, and the expression was made that complainant's contract would not be enforced against said widow, at least without important limitations, if she married the testator without knowledge of his agreement to devise and bequeath his property to complainant, citing Owens v. McNally, 113 Cal. 444, 45 Pac. 710, 33 L. R. A. 369. The will was not then before the court, and, as it now appears, contained provisions different from those presumed by the court from the language of the original bill. While this observation was timely, yet it was still unnecessary to a decision of the cause, as such matter did not appear upon the face of the bill, and needs some slight qualification.

In the case of Owens v. McNally, supra, no will was involved, and the opinion merely recognized the well-known rule that specific performance will not be decreed in any case where it will be harsh and unjust to innocent third parties; and the conclusion was reached in that case under all the facts and circumstances that, as the widow married the intestate and continued to live with him, in ignorance of the contract until after his death, the right of heirship and succession which she acquired by the law should not be disturbed by the enforcement of the contract to the complainant.

It therefore clearly appeared in that case that the rights of the widow would have been very materially affected by the enforcement of the contract, and she, although innocent, would be made to suffer thereby.

In the instant case, the widow has taken, not by law, but by the will. She had the choice of taking under the will, or dissenting therefrom and accepting that which the law provided. Of course, if before her acceptance under the will she had knowledge of this contract, although she might have been ignorant thereof at the time of her marriage, this might also affect the question as to whether or not it would be inequitable to enforce the contract against her—a matter upon which we need not now express an opinion. But, in any event, in order to bring into play the principles recognized in Owens v. McNally, supra, it must be made to appear that the widow has suffered some injury, or that her just rights have been seriously interfered with before it could be said that these equitable principles should deny complainant relief.

The testator died without issue, and it may result that under the will, even after subjecting the personal property to the satisfaction of complainant's claim, the respond-

ent widow would receive a greater share of the estate than she would have received had her husband died intestate.

However, these are matters which we think are properly to be brought forward by answer, but we have thought it not inappropriate to indulge in this discussion under the circumstances here presented.

So far as appears from any averment of the bill, it is our opinion that complainant is entitled to subject all of the personalty to the satisfaction of her claim, and if there are any reasons resting upon equitable grounds which would deny this relief, they should be made to appear by answer. If the complainant has not sought by the amended bill all to which she is entitled, that is a matter of which, of course, the appellee does not complain, and as to which she may amend her bill, if so desired, upon timely application to the trial court.

We have here considered only the demurrer to the bill as amended, and what we have here said discloses our view that these assignments of demurrer were not well taken, and should have been overruled. We therefore respectfully dissent.

MAYFIELD and SOMERVILLE, JJ., concur in the above.

---

(82 South. 12)

TREADAWAY et al. v. STANSELL.
(7 Div. 14.)

(Supreme Court of Alabama.   May 22, 1919.)

1. PARTNERSHIP ☞327(1)—SUIT FOR SETTLEMENT OF AFFAIRS OF FIRM—PLEADING.

Bill having for its primary object the settlement of the affairs of partnership existing between complainant and a respondent *held* sufficient for such purpose.

2. EQUITY ☞150(1)—PARTIES — MULTIFARIOUSNESS.

It is not necessary to a bill in equity that all the parties should have an interest in all the matters in controversy; but it is sufficient if each defendant has an interest in some of the matters involved, and they are connected with the others.

3. EQUITY ☞150(1)—BILL—PARTIES — MULTIFARIOUSNESS—OBJECTION.

A respondent to a bill in equity cannot object that the bill is multifarious, in that another respondent is not a proper party thereto, where he will not be affected thereby.

4. EQUITY ☞119—NONRESIDENT DEFENDANT —SERVICE BY PUBLICATION.

In suit for settlement of the affairs of a partnership, where relief sought against nonresident respondent upon whom no personal service had been made was by way of injunction and accounting, his plea to the jurisdiction should have been sustained; the suit not com-

ing within Code 1907, § 3054, subd. 2, relating to chancery jurisdiction of nonresidents in certain suits.

Appeal from Circuit Court, Calhoun County; Hugh D. Merrill, Judge.

Bill by A. G. Stansell against F. S. Treadaway and another. From decree rendered, respondents appeal. Affirmed in part, and reversed and remanded in part.

Bill by appellee against F. S. Treadaway and N. K. Bitting. Respondent Treadaway interposed demurrers to the bill on the ground of multifariousness, in that it seeks a settlement of the partnership affairs of complainant and Treadaway, and also seeks an accounting between respondent Bitting and said partnership, said Bitting not being concerned with a large part of such settlement, among other grounds.

The demurrers of the respondent Treadaway were overruled. Respondent N. K. Bitting appeared specially, for the sole purpose of pleading to the jurisdiction of the court; said pleas being in effect that he was a permanent resident of the state of Georgia, and that by reason of his being a nonresident of the state of Alabama the complainant in this cause is not entitled to maintain a personal action against him, as no personal service was had upon him, and that he was only brought into court by publication.

Upon submission to the court, it was decreed that said pleas were insufficient and invalid as pleas to the jurisdiction, and from this decree respondents prosecute this appeal, separately assigning errors.

The bill, in substance, alleged a partnership agreement between complainant and respondent Treadaway, a resident of Calhoun county, Ala., for the purpose of manufacturing and selling heading timber, and other finished products for the manufacture of barrels; that the expenses and profits were to be equally divided; the said Treadaway to have general superintendence of the affairs of the firm. This partnership was formed about March 1, 1916, and a milling plant purchased. The partnership continued to so operate until May, 1918, when it ceased to do business. That upon organization a mill plant was purchased, and, being in need of funds, the partnership executed to respondent N. K. Bitting note and mortgage in the sum of $4,000, said mortgage conveying to said respondent Bitting the entire plant, machinery, and equipment of said partnership, and in addition complainant and respondent Treadaway appointed N. K. Bitting trustee to sell in the markets the products of the firm, and to collect therefor in due course of business, with the understanding that said Bitting would retain out of the proceeds an amount sufficient to pay the sum he had advanced, and would remit the balance to said firm; that under such agreement a sum of money amounting to about $300,000 was handled by said Bitting, as trustee. The bill then shows a list of assets acquired by the firm, together with the amount of liabilities. It is further alleged that respondent Treadaway has removed the books from the regular office of the company, and declines to permit complainant to secure a statement from said books as to the liabilities and net worth, and has also excluded complainant from the management of any and all of the affairs of the partnership, pertaining to its liquidation and settlements, and refuses to make a division of the cash on hand or choses in action or any of the property belonging to the partnership, but retains possession of same, and is converting it to his own use. Complainant avers that he called upon N. K. Bitting in Georgia to get a statement of the affairs of the partnership as handled by him as trustee, and that while the said Bitting has in his possession papers and records showing the shipments of produce of said firm, yet he refused to permit complainant to inspect the records. The bill then contains a list of the property purchased by the partnership, the title to which was taken in the name of respondent Treadaway. It is further averred that the affairs of the partnership in so far as the same relate to the sale of its products and the collection therefor are complicated, but that it will be shown on settlement that the firm was largely indebted to complainant, and that upon final settlement of the affairs of N. K. Bitting it will be shown that he is indebted in a large sum to the partnership; and, further, there has never been any final settlement of the accounts of the partnership.

The bill prays for a dissolution and final settlement of the affairs of said partnership, requiring said Treadaway to deliver all papers, books, records, etc., and to account for all moneys received as well as real estate taken in his own name, and that he be enjoined from handling any of the assets of said firm. It is also prayed that Bitting be enjoined from paying over any money now held by him to respondent Treadaway, and prayer for general relief.

C. H. Young, of Anniston, for appellants.
Ross Blackmon, of Anniston, for appellee.

GARDNER, J. [1] The bill in this cause has for its primary object the settlement of the affairs of the partnership existing between the complainant and respondent Treadaway, doing business under the firm name of Treadaway & Stansell Cooperage Company. The sufficiency of the bill for this purpose is quite clear under the decisions (Dugger v. Tutwiler, 129 Ala. 258, 30 South. 91), and, indeed, is not questioned on this appeal.

[2] It is insisted, however, by respondent Treadaway that the bill is multifarious, in that respondent N. K. Bitting was brought

into the case concerning a settlement of the partnership with a large part of which he was not concerned. The bill shows, however, that respondent Bitting was agreed upon as a trustee to handle the products of the partnership's business, and that he handled large sums of money for said firm. It has been held by this court that it is not necessary that all the parties should have an interest in all the matters in controversy, but it is sufficient if each defendant has an interest in some of the matters involved, and they are connected with the others. Truss v. Miller, 116 Ala. 494, 22 South. 863; Bentley v. Barnes, 155 Ala. 659, 47 South. 159; O'Neal v. Cooper, 191 Ala. 182, 67 South. 689.

[3] However, in the instant case, we do not reach that question except incidentally, as such an objection can only be taken by the defendants who are affected by the multifariousness. Respondent Treadaway is clearly properly before the court for an accounting and settlement of the partnership affairs; and, if respondent Bitting is not properly brought in as a party, this is a matter of which Treadaway cannot complain, as he will not be affected thereby. Ellis v. Vandergrift, 173 Ala. 142, 55 South. 781.

The bill was clearly sufficient as against any demurrers interposed by respondent Treadaway, and the decree overruling the same is here approved.

[4] This brings us to a consideration of the pleas as to jurisdiction by the respondent Bitting, a nonresident of the state, who was brought in by publication, as required by the statutes, and without personal service. While the bill discloses the execution of a mortgage by the partnership to this respondent, yet it is further alleged that Bitting, upon an accounting and settlement, will be found to be largely indebted to the firm, thus disclosing in effect that the mortgage had been fully satisfied, and that upon an accounting the balance will be found to be in favor of the mortgagor. No relief whatever as to this mortgage is sought, and, if we properly construe the bill, the only relief in effect sought as to Bitting is by way of injunction and accounting, both of which would involve a personal decree against said respondent. No personal service having been had upon respondent Bitting, such personal decree could not be enforced under such a bill. Long v. Clark, 201 Ala. 454, 78 South. 832; Tigrett v. Taylor, 180 Ala. 296, 60 South. 858. The object of the suit does not come within the provisions of subdivision 2 of section 3054 of the Code of 1907, and we are therefore of the opinion that the pleas of respondent Bitting to the jurisdiction of the court should have been held sufficient, and that the court erred in its decree as to this respondent.

It results therefore that the decree as to

respondent Treadaway will be here affirmed, but as to respondent Bitting the same will be reversed, and the cause remanded. Complainant and respondent Treadaway will each be taxed with one-half of the costs of this appeal.

Affirmed in part, and in part reversed and remanded.

ANDERSON, C. J., and McCLELLAN and SAYRE, JJ., concur.