(89 South. 607)

HUMPHREY v. TERRY. (8 Div. 362.)

(Supreme Court of Alabama. June 2, 1921. Rehearing Denied June 23, 1921.)

**1. Conspiracy ⬤⟊6—Gist of action is damage, and not conspiracy.**

The gist of an action for a conspiracy to make false entry on municipal records and libel plaintiff is the damage, and not the conspiracy, and if a plaintiff fails in the proof of his allegation of a conspiracy, or concerted design, he may yet recover damages against one or more of the defendants, shown to be guilty of tort without such agreement, in which case the allegation of conspiracy will be considered mere surplusage.

**2. Judgment ⬤⟊715(2)—Judgment for conspirators res judicata in action against one.**

A judgment in favor of defendants in an action for damages from conspiracy to libel plaintiff was res judicata in a subsequent action by plaintiff against one of them for committing the same tort without concerted design.

Appeal from Circuit Court, Madison County; Robt. C. Brickell, Judge.

Action by John D. Humphrey against Thomas T. Terry for damages for libel. From an adverse ruling on the pleadings, plaintiff took a nonsuit, and appealed. Affirmed.

The libel is based upon the alleged act of the defendant in appending to the public records of the mayor's court of Huntsville the following statements, falsely and maliciously appended to a judgment entry showing a conviction of the plaintiff for a misdemeanor and a fine. The statement alleged to have been fraudulently and maliciously appended is as follows: "And in addition thereto 30 days' hard labor on county roads." It is alleged that said addition was made 4 days after the judgment was rendered, and after the plaintiff had appealed therefrom to the circuit court.

Defendant's ninth plea sets up in bar a former adjudication in a suit wherein this identical plaintiff sued this defendant and one James E. Pierce on a complaint as follows:

The plaintiff claims of the defendants the sum of $20.000 as damages, for that, on December 30, 1916, the defendant Thomas T. Terry was mayor of the city of Huntsville, Madison county, Alabama, and on said date defendants unlawfully, willfully, corruptly, and maliciously conspired and confederated and bound themselves together under an agreement to falsely and maliciously injure and libel the the plaintiff's name and character, by the defendant Thomas T. Terry making a false entry or interpolation on the public records of the said city of Huntsville under color of his office, in a cause wherein the state of Alabama had been made plaintiff and this plaintiff defendant, and a judgment entry made and entered upon the public records of said court, showing a judgment entry on the 26th day of December, 1916, convicting the defendant on a charge of selling and offering for sale any beverage of any kind, and wherein the defendant was fined the sum of $250 and costs, and in default of payment to be committed 30 days' hard labor on county roads. Said judgment entry, in virtue of said conspiracy and unlawful agreement, was changed by adding thereto the following: "And in addition thereto 30 days' hard labor on county roads." And plaintiff alleges that by reason of said unlawful conduct and acts he was subjected to public criticism, to chagrin and embarrassment, and suffered therefrom great mental anguish, to his damage as aforesaid.

That to this complaint defendant pleaded the general issue in short by consent, with leave to show any material defense, and that upon this there was a verdict for defendants and judgment accordingly. The plea shows that the circuit court had jurisdiction to render said judgment, but avers no facts dehors the record as set out, and does not allege that the issues in that case and in the instant case are the same, nor that the issues in this case were determined in the former case.

The sufficiency of the plea, in view of these omitted allegations, is challenged by appropriate grounds of demurrer, and the demurrers were overruled.

David A. Grayson and Cooper & Cooper, all of Huntsville, and Callahan & Harris, of Decatur, for appellant.

Counsel discuss the issues raised by the demurrers with the insistence that the demurrers were improperly sustained. 188 Ala. 109, 65 South. 1003; 12 C. J. 584; 64 Ala. 299, 38 Am. Rep. 8.

R. E. Smith and Douglass Taylor, both of Huntsville, for appellee.

Brief of counsel did not reach the Reporter.

SOMERVILLE, J. In the former suit, wherein judgment was rendered against this plaintiff and in favor of this defendant and another, sued jointly with him, the complaint alleged that the two defendants "un-

---

⬤⟊For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

lawfully, willfully, corruptly, and maliciously conspired and confederated and bound themselves together" under an agreement to make the same false entry on the municipal records of Huntsville which is the basis for the present suit, and it was further alleged that said conspiracy and unlawful agreement were executed by making the same addition to the records.

The theory of plaintiff's demurrer to defendants' plea of res judicata is that the charge of conspiracy in the former suit imposed upon plaintiff the burden of showing such a conspiracy as a condition to recovery, and hence that the verdict and judgment for the defendants—including this defendant—may as well have been founded upon plaintiff's failure to prove the conspiracy as upon his failure to prove a false and malicious publication; in short, that there were two essential and distinct issues on the face of the pleadings, only one of which is here presented, and that therefore the plea in question should have alleged that the present issue was in fact determined in that suit, and that the judgment was founded thereon.

[1] The principle invoked by the demurrer is well settled in the law. Strauss v. Neertief, 64 Ala. 299, 38 Am. Rep. 8; Dobson v. Hurley, 129 Ala. 380, 30 South. 598; Hooper v. Pierce, 151 Ala. 517, 44 South. 108; Street v. Browning, 87 South. 527.[1] It is, however, very clearly not applicable in this case. The gist of an action for a conspiracy is the damage, and not the conspiracy. L. & N. R. R. Co. v. National Park Bank, 188 Ala. 109, 65 South. 1003.

"As a general rule, averment and proof that the acts were done in pursuance of a conspiracy do not change the nature of the action, or add anything to its legal force and effect. If a plaintiff fails in the proof of a conspiracy or concerted design, he may yet recover damages against one or more of defendants shown to be guilty of the tort without such agreement. The charge of conspiracy where unsupported by evidence, will be considered mere surplusage, not necessary to be proved to support the action." 12 Corp. Jur. 584, § 104, E; Howland v. Corn, 232 Fed. 35, 40, 146 C. C. A. 227; Hansen v. Nicoll, 40 App. D. C. 228, Ann. Cas. 1914C, 759; Doremus v. Hennessy, 176 Ill. 608, 52 N. E. 924, 54 N. E. 524, 68 Am. St. Rep. 203, 43 L. R. A. 797, 802; Boston v. Simmons, 150 Mass. 461, 23 N. E. 210, 6 L. R. A. 629, 15 Am. St. Rep. 230, and many other cases.

[2] From this principle it results that the judgment for defendant in the former suit was, upon the face of the pleadings therein, essentially and necessarily a determination against this plaintiff of the identical issues upon which his present cause of action must be grounded. We hold, therefore, that the demurrer to the plea was properly overruled,

and the judgment of nonsuit must be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.