## COKER v. COKER. (6 Div. 867.)

(Supreme Court of Alabama. April 26, 1923.)

1. **Husband and wife ⬳332—Complaint for alienation of affections not demurrable.**

A complaint in an action by wife for alienation of husband's affections *held* not demurrable.

2. **Action ⬳38(4)—Complaint for alienation of affections and conspiracy to alienate held not to misjoin causes of action.**

Complaint in action by wife for alienation of husband's affections and for conspiring to alienate such affections *held* not to misjoin causes of action.

3. **Husband and wife ⬳330—Complaint held not to misjoin parties defendant.**

A complaint, in action by wife for alienation of husband's affections against husband's father, mother,. and sister, *held* not to misjoin parties defendant.

4. **Conspiracy ⬳18—Complaint held to sufficiently aver nature and date.**

Complaint in action by wife for conspiracy to alienate husband's affections *held* to sufficiently aver the nature and date of the alleged conspiracy.

5. **Conspiracy ⬳18—Complaint held to sufficiently allege consideration.**

Complaint in action for conspiracy to alienate affections of husband *held* to sufficiently allege the consideration of the alleged conspiracy.

6. **Conspiracy ⬳18—Complaint not demurrable for failure to aver wrongful intent or malice.**

Complaint in action by wife for conspiracy to alienate husband's affections *held* not subject to demurrer, as not sufficiently averring wrongful intent or malice.

7. **Pleading ⬳8(3)—Averment of alienation of affections not mere conclusion.**

Averment by wife of alienation of the affections of her husband *held* not subject to demurrer, as a mere conclusion of the pleader.

8. **Husband and wife ⬳326—Parent may in good faith advise child as to domestic affairs.**

As respects alienation of affections, a parent may in good faith, without unwarranted interference, advise a child as to his domestic affairs.

9. **Pleading ⬳194(4)—No error in sustaining demurrer to plea available under general issue.**

A plea, in action for alienation of affections, that defendants were the parents of plaintiff's husband and never did otherwise than honestly give advice to their son, sets up matter available under the general issue, and there was no error in sustaining demurrer to it.

10. **Appeal and error ⬳1050(1)—Husband and wife ⬳333(2)—Prejudicial error to permit testimony that plaintiff's baby was dead, as calculated to arouse sympathy.**

In action for damages for alienation of husband's affections, it was prejudicial error to permit plaintiff's father to testify that plaintiff's baby was dead; the evidence being calculated to arouse sympathy in plaintiff's behalf.

Appeal from Circuit Court, Jefferson County; J. Q. Smith, Judge.

Action for damages by Mamie Coker against W. R. Coker, Alta Coker, and Mattie Coker. From a judgment against W. R. Coker, he alone appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Reversed and remanded.

The summons named as defendants W. R. Coker, Alta Coker, and Maggie Coker. The following is the complaint:

"First Count. Plaintiff claims of the defendants the sum of twenty-five thousand ($25,-000.00) dollars as damages, for that heretofore, on, to wit, the 7th day of May, 1920, and for several months prior thereto," contriving, wrongfully, wickedly, and unjustly intending to injure the plaintiff and to deprive her of the comfort, fellowship, and assistance, support, and protection of her husband, J. R. Coker, and to alienate and destroy his affections for the plaintiff, wrongfully alienated and destroyed the plaintiff's said husband's affections for her, and caused the plaintiff to be deprived of her husband's fellowship, society, aid, and assistance, which she should and would have had but for the wrong committed by the defendants. And plaintiff avers that in addition to the foregoing, by reason of the said wrongs committed by the defendants, she has been degraded among her acquaintances, and has suffered great mental anguish, shame, and mortification, all to her damage as aforesaid; hence this suit.

"Second Count: Plaintiff claims of the defendants the sum of twenty-five thousand ($25,000.00) dollars as damages, for that heretofore, to wit, on the 7th day of May, 1920, and for several months prior thereto, the defendants, contriving, wrongfully conspired together, and by such conspiracy, wickedly, and unjustly intending to injure the plaintiff and to deprive her of the comfort, fellowship, and assistance, support, and protection of her husband, J. R. Coker, and to alienate and destroy his affections for the plaintiff, wrongfully alienated and destroyed the plaintiff's said husband's affections for her, and caused the plaintiff to be deprived of her husband's fellowship, society, aid, and assistance, which she should and would have had, but for the wrong committed by the defendants. And plaintiff avers that, by reason of the said wrongs committed by the defendants as aforesaid, she has been degraded among her acquaintances, and has suffered great mental anguish, shame, and mortification, all to her damages as aforesaid; hence this suit."

The complaint was amended by striking from the caption the word "Maggie" and inserting the word "Mattie." The grounds of demurrer assigned to the complaint are as follows:

"(1) Said count is vague, indefinite and uncertain.

⬳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

"(2) Said count states no cause of action.

"(3) Said count does not set out or show that plaintiff was damaged by said defendants or by any act of said defendants.

"(4) Said count does not show that any alleged injury or damage were the proximate consequence or any act of said defendants, or any one of said defendants.

"(5) Said count does not sufficiently set out or show any injury or damage suffered by plaintiff.

\*      \*      \*      \*      \*      \*

"(7) Said count does not sufficiently aver the nature or character of alleged wrongs.

"(8) There is a misjoinder of causes of action in said complaint.

"(9) There is a misjoinder of causes of action in said count.

"(10) There is a misjoinder of parties defendant in said suit.

"(11) Said count does not sufficiently aver the nature or date of alleged conspiracy.

"(12) Said count does not sufficiently aver or set out the alleged consideration of alleged conspiracy.

"(13) Said complaint does not sufficiently aver alleged wrongful intent.

"(14) Said count does not sufficiently aver malice on part of defendant.

"(15) Said count does not aver that alleged defendants maliciously committed any of alleged wrongs.

"(16) Said count does not sufficiently aver how, or in what manner, or by what acts defendants alienated the alleged affections of plaintiff's husband.

"(17) The averment of alienation of the affections of plaintiff's husband is a mere conclusion of pleader.

"(18) Said count does not aver the time of alleged wrongful acts, or the date of alleged marriage of plaintiff, or other facts or circumstances constituting a cause of action in such cause."

C. L. Hamilton, the father of and a witness for plaintiff, on his examination was asked: "Where is the baby?" The defendants objected on the ground that it was incompetent, irrelevant, and immaterial. The court overruled the objection, and the witness answered, "Dead." Defendant's motion to exclude the answer was overruled by the court.

Erle Pettus, of Birmingham, for appellant.

The second count of the complaint was insufficient. Parker v. Newman, 200 Ala. 103, 75 South. 479. Parents have right to give counsel and advice to their children in regard to domestic affairs, and this defense must be set up by special plea. 21 Cyc. 1623; Rath v. Rath, 2 Neb. (Unof.) 600, 89 N. W. 612. The court erred in permitting the question to

Hamilton with reference to plaintiff's baby and his answer thereto. Magee v. Billingsley, 3 Ala. 679.

James B. Burgin and W. A. Jenkins, both of Birmingham, for appellee.

The complaint was not subject to demurrer, and demurrer to defendant's special plea was properly sustained. Parker v. Newman, 200 Ala. 103, 75 South. 479.

THOMAS, J. The suit is by the wife against the husband's father, mother, and sister for alienation of the husband's affections. There was judgment against W. R. Coker, the father, who appeals.

[1-7] The complaint, in two counts, after amendment by adding a party, was held free from grounds of demurrer respectively assigned. In this ruling there was no error. Parker v. Newman, 200 Ala. 103, 75 South. 479.

[8, 9] The fourth special plea of W. R. and Alta Coker is as follows:

"That they are the parents of J. R. Coker, the husband of the plaintiff, and that they never at any time gave any advice or did anything for or in connection with said J. R. Coker, except such as was honestly given or done by virtue of their relation to him as parents as aforesaid."

A parent may, in good faith, without unwarranted interference advise a child as to his domestic affairs. 13 R. C. L. 1472. The matter sought to be set up by plea 4 was available under the general issue to the complaint as worded; that is, there was no error in sustaining demurrer to such plea, since the plea does no more than negative the averments of the complaint, even if such defense should have to be specially pleaded. 21 Cyc. 1623 (b).

[10] The witness Hamilton, the father of plaintiff, should not have been permitted to testify, over due objection, that plaintiff's baby was dead. This evidence was calculated to arouse sympathy in plaintiff's behalf that was prejudicial. Norton v. Warner, 9 Conn. 172, 174.

For the foregoing error, the judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.