**McMAHEN v. WESTERN UNION TELE-GRAPH CO. et al. (6 Div. 842.)**

(Supreme Court of Alabama. April 26, 1923.)

1. **Action** ⬅⮞50(4)—**Complaint against two defendants jointly in certain counts and against each separately in other counts held defective.**

A complaint which declared against two defendants jointly in three counts and against each of them separately in other counts, which alleged separate causes of action against them, was defective.

2. **Pleading** ⬅⮞223—**Entering final judgment on refusal to plead after sustaining demurrer to complaint held proper.**

Where a demurrer to a complaint was sustained, on plaintiff's refusal to plead further, entering final judgment for defendant was proper.

Appeal from Circuit Court, Jefferson County; Romaine Boyd, Judge.

Action by C. M. McMahen against the Western Union Telegraph Company and the Louisville & Nashville Railroad Company. From a judgment for defendants, plaintiff appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Affirmed.

Count 1 of the complaint claims damages of the defendants, the Western Union Telegraph Company and the Louisville & Nashville Railroad Company—

"jointly and severally, for that * * * the defendants were operating a through line of telegraph from Birmingham, Ala., to Foley, Ala., receiving and transmitting [messages] for a reward, and on the afternoon of August 5, 1920, the plaintiff delivered to the agent of the * * * telegraph company, at their office in * * * Birmingham, Ala., paying the customary reward for sending same, the following message [to plaintiff's buying agent at Foley]: 'Conditions will not warrant more than dollar twenty five for three·cars tomorrow.' * * * The said telegraphic message was transported by the * * * telegraph company to Bay Minette, Ala., where the agent of the * * * telegraph company delivered the said telegram to a negro porter or carrier to be carried to the office of the * * * railroad company, at Bay Minette, * * * and by the * * * railroad company * * * transmitted and delivered to the sendee at Foley, Ala., but plaintiff avers the said negro porter * * * carried the * * * message about in his pocket for approximately 36 hours before delivering it to the agent of the * * * railroad company, and said·message was not delivered to the agent of plaintiff by the * * * railroad company until the afternoon of the following day. Plaintiff avers that in the meantime his agent had purchased a car of potatoes, paying $1.50 per hamper for said car instead of $1.25 per hamper, and had the message been promptly delivered [plaintiff's] agent would not have paid more than $1.25 per hamper for the * * * car load of potatoes, thereby causing plaintiff to lose $.25 per hamper·on said * * * potatoes."

The complaint alleges that plaintiff was engaged in buying and selling produce, and McMahen, the sendee of the message, was his agent at Foley for buying potatoes and shipping them to Birmingham, and said delayed message was for the purpose of giving said agent a price to be paid by him for potatoes at Foley.

It is further alleged that—

"By arrangements which existed between the defendants, each defendant received his proportionate part of the reward paid for sending and delivering the aforesaid telegram."

The complaint was amended by adding counts A, B, C, and D. These counts are substantially like count 1, except that count C claims against the railroad company alone, and count D claims against the telegraph company alone.

Demurrers were separately interposed to the original, and also to the amended, complaint, as a whole, and to each count separate-

ly, by each of the defendants, on numerous grounds, among others, that no joint liability is shown; that no negligence is charged with sufficient certainty against either defendant; that the complaint attempts to proceed against both defendants in the same counts, "jointly and severally"; and that there is a misjoinder of parties defendant in that some of the counts claim of both defendants jointly, while others claim of only one defendant separately.

The demurrers were sustained, and plaintiff declining to plead further, a general judgment was entered for the defendants.

Grace & Simpson, of Birmingham, for appellant.

The complaint was not subject to demurrer. Tel. Co. v. Whitson, 145 Ala. 426, 41 South. 405; Tel. Co. v. Appleton, 190 Ala. 283, 67 South. 412; Tel. Co. v. Snell, 3 Ala. App. 263, 56 South. 854; Tel. Co. v. Jackson Lumber Co., 187 Ala. 629, 65 South. 962; Tel. Co. v. Brown, 6 Ala. App. 339, 59 South. 329; Tel. Co. v. Hawkins, 14 Ala. App. 295, 70 South. 12; Tel. Co. v. Robbins, 3 Ala. App. 234, 56 South. 879; Western Union Tel. Co. v. Russell, 4 Ala. App. 485, 58 South. 938.

Tillman, Bradley & Baldwin, and Cabaniss, Johnston, Cocke & Cabaniss, all of Birmingham, for appellee.

Counts cannot be joined in a complaint, unless the same plea may be interposed to each, and the same judgment rendered on all counts. McCrummen v. Campbell, 82 Ala. 566, 2 South. 482; Spence v. Thompson, 11 Ala. 746; Eskridge v. Ditmars & Co., 51 Ala. 245; 30 Cyc. 131.

SOMERVILLE, J. [1] The complaint in this case declares against two defendants jointly in three of the counts, and against each of them separately in the other counts respectively. Such a complaint violates a fundamental rule of action and procedure at law.

In our early case of Childress v. McCullough (1837) 5 Port. 54, 62 (30 Am. Dec. 549), it was said:

"It is a well-recognized rule that courts of law will not take cognizance of distinct and separate claims or liabilities of several persons in one suit, though standing in the same relative situations."

So in 20 R. C. L. 677, § 16, the rule is stated thus:

"Where the causes of action involve no joint liability, and the grounds on which a recovery is sought against two or more persons are essentially so different that they constitute different causes of action, they cannot be jointly sued."

And in 1 Corp. Jur. 1072, § 223, it is said that—

"When two or more parties are guilty of a joint tort, they may be sued jointly or severally; but a count for a joint cause of action cannot be joined with counts for several causes."

The misjoinder here is not of parties merely, but of counts which seek to recover severally on separate causes of action against different defendants.

[2] We cannot avoid the conclusion that the demurrers aptly pointing out this defect were properly sustained to the complaint as a whole; and judgment final was properly rendered for defendant, in view of plaintiff's refusal to plead further.

The judgment will therefore be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.