117 So.2d 164

**I. S. O'DELL et al.**

v.

**STATE of Alabama ex rel. John PATTER-SON, Attorney General.**

**7 Div. 400.**

Supreme Court of Alabama.

June 25, 1959.

Rehearing Denied Jan. 21, 1960.

See also ante, p. 1, 117 So.2d 157.

S. Palmer Keith, Jr., Birmingham, Wallace L. Johnson, Mobile, and Knox, Jones, Woolf & Merrill, Anniston, for appellants.

John Patterson, Atty. Gen., Robt. P. Bradley, Asst. Atty. Gen., and Guy Sparks, Special Asst. Atty. Gen., for appellee.

LAWSON, Justice.

The appeal is from a decree overruling a demurrer to a bill in equity, as amended, which will be referred to hereafter simply as the bill.

The State of Alabama, in one bill, seeks to enjoin more than twenty loan "companies" in Calhoun County from continu-

ing in the "loan shark business," to use the language of the bill, on the ground that the manner in which such businesses are conducted constitutes a public nuisance.

In brief filed here the appellants, the respondents below, concede that the averments of the bill are sufficient "to charge each of the respondents with an activity which could be enjoined as a public nuisance under the decisions of the Supreme Court of Alabama." The decisions referred to are State ex rel. Embry v. Bynum, 243 Ala. 138, 9 So.2d 134, and Larson v. State ex rel. Patterson, 266 Ala. 589, 97 So.2d 776.

■ But the appellants strenuously insist that the bill is multifarious and misjoins parties respondent and that the trial court erred in failing to sustain the grounds of the demurrer which took those points. We will limit our review to such grounds, for it is well established that on an appeal from a decree overruling a demurrer to a bill in equity, we consider only the grounds of the demurrer argued in appellant's brief. Wade v. Glencoe Lumber Co., 267 Ala. 530, 103 So.2d 730.

Some of the businesses sought to be enjoined are corporations, others are partnerships and others are conducted by individuals. The corporations, the members of the partnerships, and the individual operators are all joined as parties respondent.

■ The bill is multifarious under our holdings in Lee v. City of Birmingham, 223 Ala. 196, 135 So. 314, and Birmingham Bar Association v. Phillips & Marsh, 239 Ala. 650, 196 So. 725, unless the bill sufficiently charges the respondents with a conspiracy.

In the Lee case, supra [223 Ala. 196, 135 So. 315], a bill in equity was filed by the City of Birmingham against Robert E. Lee and J. W. Dunham to condemn as contraband certain slot machines alleged to be gambling devices seized by the police department of the City under authority of its ordinances and for the recovery of

which the respondents had begun separate actions at law.

In the opinion in the Lee case we said: "Places where devices are kept for the purpose of permitting persons to gamble with them are declared by statute to be common nuisances, and may be abated in equity by the state. Section 4281, Code."

We reversed the action of the trial court in overruling the demurrer interposed to the City's bill on the ground that the bill was multifarious, saying in that connection in part as follows:

"The question of multifariousness is presented by the demurrer in this case. There are two individuals with no connection in respect to their transactions. Each is alleged to have operated machines alleged to be gambling devices. The machines have different names, are not alleged to have any similarity except that they are both gambling devices. Those of one were seized January 12, 1929, and of the other November 1, 1929. Each defendant has filed a separate suit in detinue for the recovery of his alleged property. The injunction bonds and writs are each separate, as though there was no connection. In fact, no connection is alleged or shown, except that each is charged with operating at a different time and place a nuisance consisting of a machine which is a gambling device. They are both controlled by the same principles of law. But the facts and transactions are not the same, and have no connection with each other. The machines of one may be shown by the proof to constitute a nuisance, and those of the other may not. Each is an entirely separate, distinct transaction between different parties, with no community of interest, except in the legal principles which are applicable. Multifariousness 'is described, generally, as the joinder of distinct and independent matters, thereby confounding them, or the uniting in one bill of several matters, perfectly distinct and

unconnected, against one defendant, or the demand of several matters of a distinct and independent nature against several defendants in the same bill.' Truss v. Miller, 116 Ala. 494, 22 So. 863, 866. Otherwise expressed, it is said that, when distinct and unconnected matters are joined against several defendants, it is not necessary that all the parties have an interest in all the matters in controversy, but each defendant must have an interest in some of them, and they are connected with the others. Truss v. Miller, supra; Treadaway v. Stansell, 203 Ala. 52, 82 So. 12; Bentley v. Barnes, 155 Ala. 659, 47 So. 159; Henry v. Ide, 208 Ala. 33, 93 So. 860; Ellis v. Vandergrift, 173 Ala. 142, 155, 55 So. 781; Webb v. Butler, 192 Ala. 287, 68 So. 369, Ann.Cas.1916D, 815.

"It was said in our case of Roanoke Guano Co. v. Saunders, 173 Ala. 347, 355, 56 So. 198, 35 L.R.A.,N.S., 491, by way of a differentiation, that, if the equity of a bill is dependent upon the prevention of a multiplicity of suits, there must be more than a community of interest in the question of law and fact, but there must be a community of interest in the subject-matter (Southern Steel Co. v. Hopkins, 174 Ala. 465, 57 So. 11, 40 L.R.A.,N.S., 464, Ann.Cas.1914B, 692; Turner v. City of Mobile, 135 Ala. 73, 33 So. 132), but, if its equity rests upon some independent equitable remedy other than a multiplicity of suits, such as cancellation, discovery, accounting, or the like, community of interest in the subject-matter is not requisite, provided there is community of interest in the question of law and fact. That statement of the rule does not justify a joinder of the defendants in this case. There is no community of interest in a question of fact, though there may be in the question of law. There are two transactions, and they relate to different machines, different occasions and places of their operation, and dif-ferent ownership. In the cases last referred to above, each party had a separate claim occasioned by the same circumstances; each governed by the same principles of law and state of facts, involving only one transaction. No such situation is shown in this case." 223 Ala. 197–198, 135 So. 315.

In Birmingham Bar Association v. Phillips & Marsh, supra, the Bar Association sought to put an end to the alleged practice of law in Jefferson County by unlicensed individuals, associations, and corporations connected with the insurance business. Demurrers were sustained by the trial court. On appeal we affirmed, saying in part as follows:

"Whether viewed as a proceeding under the Uniform Declaratory Judgment Act, as a bill of injunction in equity, or, as in substance and effect a proceeding in the nature of quo warranto, we are of opinion there is a misjoinder of causes of action and a misjoinder of parties respondent.

"Many parties, Insurance Companies engaged in the many lines of insurance, other than life insurance; adjustment bureaus and adjustment agencies set up to handle that part of the insurance business; independent adjusters, offering their services to insurers for regular or special employment, are joined in one suit on averments that separately and severally they have engaged in the practice of law in one or more of many ways set up in the numerous specifications.

"Accessory respondents, and individual respondents are charged with some relation to claim adjusting respondents, but the acts constituting the alleged practice of law, the cause of action as to each party brought into court, are alleged to have been done separately and severally; and each respondent is charged with one or more of a long series of acts set out in the specifica-

tions in general terms and alleged to be the practice of law.

"Such joinder of separate and distinct causes of action against numerous parties, combining many suits into one, wherein one defendant is wholly unconcerned with the facts as to the others, is a misjoinder of parties and causes of action in any and all proceedings at law and renders a bill in equity multifarious. That such practice does not contribute to the administration of justice, but to delay, confusion, and oppression is the experience of jurists written into procedural law here and elsewhere. That the several defendants are charged with a violation of the same law, and are sought to be dealt with by like remedial measures is not the test. McMahen v. Western Union Telegraph Co., 209 Ala. 319, 96 So. 265; Junkins v. Lovelace, 72 Ala. 303; Ford v. Borders, 200 Ala. 70, 75 So. 398; Alabama Great Southern R. R. Co. v. Prouty, 149 Ala. 71, 43 So. 352; City of Mobile v. McCown Oil Co., 226 Ala. 688, 148 So. 402; Lee v. City of Birmingham, 223 Ala. 196, 135 So. 314." 239 Ala. 655–656, 196 So. 730.

We come now to a consideration of the averments of the bill which are designed to charge the respondents with concert of action.

Paragraph XIX of the bill reads:

"Complainant further alleges that the respondents have contrived, combined, confederated, and conspired among themselves to do the acts hereinbefore described and to bring about the public nuisance herein complained of."

■ It is said by appellants that the averments of Paragraph XIX are mere conclusions of the pleader which, even when considered in connection with the other averments of the bill are insufficient to charge the respondents with concert of action so as to permit them to be joined in an action of this kind.

We do not agree.

■ A conspiracy is a combination to accomplish an unlawful end or to accomplish a lawful end by unlawful means. Barber v. Stephenson, 260 Ala. 151, 69 So. 2d 251; Gaines v. Malone, 244 Ala. 490, 13 So.2d 870.

■ Where civil liability for a conspiracy is sought to be enforced, the conspiracy itself furnishes no cause of action. The gist of the action is not the conspiracy alleged but the wrong committed. Louisville & N. R. Co. v. National Park Bank, 188 Ala. 109, 65 So. 1003; Humphrey v. Terry, 206 Ala. 249, 89 So. 607.

■ A conspiracy may be both pleaded and proved as aggravating the wrong complained of and enabling the complainant to recover in one action against all of the joint tort-feasors. The allegations with reference to the acts constituting the conspiracy are properly treated as matters of inducement and hence less certainty is required in setting out such acts than in setting out the gist of the action. American Thread Co. v. Rochester, 82 Ga.App. 873, 62 S.E.2d 602.

■ A great quantum of detail need not be required to be alleged as to the formation of the conspiracy because of the clandestine nature of the scheme or undertaking engaged in. The existence of the conspiracy must often be inferentially and circumstantially derived from the character of the acts done, the relation of the parties, and other facts and circumstances suggestive of concerted action. Schessler v. Keck, 125 Cal.App.2d 827, 271 P.2d 588; American Thread Co. v. Rochester, supra.

In our opinion the State has clearly alleged the ultimate fact of conspiracy by pleading that respondents " * * * have contrived, combined, confederated, and conspired among themselves to do the acts hereinbefore described." Such averments

are sufficient under the rule that allows great latitude in averring the formation and existence of a conspiracy. Farr v. Bramblett, 132 Cal.App.2d 36, 281 P.2d 372; American Thread Co. v. Rochester, supra.

We entertain the view that this bill sufficiently charges the respondents with concert of action in carrying on the alleged nuisance so as to make them jointly suable. We do not consider our holding here to be in conflict with anything said in Steele v. Louisville & N. R. Co., 245 Ala. 113, 16 So.2d 416, or in National Park Bank of New York v. Louisville & N. R. Co., 199 Ala. 192, 74 So. 69. The complaints in those cases failed to describe the illegal purpose or means which the conspirators sought to accomplish. This bill contains no such defect. The bill in this case is more like the one held to be good in Coker v. Coker, 209 Ala. 295, 96 So. 201.

We hold there is no merit in the grounds of demurrer relied upon by appellants, namely, multifariousness and misjoinder. It follows that the decree appealed from is due to be affirmed. It is so ordered.

Affirmed.

SIMPSON, STAKELY, GOODWYN and COLEMAN, JJ., concur.

LIVINGSTON, C. J., dissents.

LIVINGSTON, Chief Justice (dissenting).

I am impelled to the conclusion that the bill of complaint in this case is multifarious and the trial court was in error in overruling the ground of demurrer specifically pointing out that defect.

In the case of Steele v. Louisville & N. R. Co., 245 Ala. 113, 16 So.2d 416, 420, it is stated:

"As to the Railroad Company, the complaint rests upon a charge of conspiracy between the Road and the Brotherhood to defraud complainant of his seniority rights. Of course, the charge of conspiracy or fraud in general terms is insufficient. Facts must be alleged which would justify the legal conclusion of an unlawful conspiracy. 'The illegal purpose or means, which the conspirators meant to accomplish or to resort to must be described accurately, for unless the object is illegal, or the means agreed upon illegal, there is no actionable wrong.' National Park Bank of New York v. Louisville & N. R. Co., 199 Ala. 192, 74 So. 69, 73."

We think the instant bill is clearly multifarious under the cases of Birmingham Bar Association v. Phillips & Marsh, 239 Ala. 650, 196 So. 725, and Lee v. City of Birmingham, 223 Ala. 196, 135 So. 314.

In the case of Birmingham Bar Association v. Phillips & Marsh, supra, there was a proceeding to suppress the alleged practice of law by a number of unlicensed individuals, associations and corporations. Demurrers to the bill of complaint were sustained, and on appeal, this Court treated the proceeding in the alternate aspect of one in equity and also as a quo warranto proceeding. It was held that under either aspect the demurrer for misjoinder was well taken. It was there said:

"Such joinder of separate and distinct causes of action against numerous parties, combining many suits into one, wherein one defendant is wholly unconcerned with the facts as to the others, is a misjoinder of parties and causes of action in any and all proceedings at law and renders a bill in equity multifarious. That such practice does not contribute to the administration of justice, but to delay, confusion, and oppression is the experience of jurists written into procedural law here and elsewhere. That the several defendants are charged with a violation of the same law, and are sought to be dealt with by like remedial measures is not the test." 239 Ala. 655, 196 So. 730.

242

In Lee v. City of Birmingham, supra, there was a proceeding in equity to condemn certain slot machines which were alleged to be gambling devices. The Court there stated:

"The question of multifariousness is presented by the demurrer in this case. There are two individuals with no connection in respect to their transactions. Each is alleged to have operated machines alleged to be gambling devices. The machines have different names, are not alleged to have any similarity except that they are both gambling devices. Those of one were seized January 12, 1929, and of the other November 1, 1929. Each defendant has filed a separate suit in detinue for the recovery of his alleged property. The injunction bonds and writs are each separate, as though there was no connection. In fact, no connection is alleged or shown, except that each is charged with operating at a different time and place a nuisance consisting of a machine which is a gambling device. They are both controlled by the same principles of law. But the facts and transactions are not the same, and have no connection with each other. The machines of one may be shown by the proof to constitute a nuisance, and those of the other may not. Each is an entirely separate, distinct transaction between different parties, with no community of interest, except in the legal principles which are applicable. Multifariousness 'is described, generally, as the joinder of distinct and independent matters, thereby confounding them, or the uniting in one bill of several matters, perfectly distinct and unconnected, against one defendant, or the demand of several matters of a distinct and independent nature against several defendants in the same bill.'" [223 Ala. 196, 135 So. 315.]

See, also, Stamey v. Fortner, 230 Ala. 204, 205, 160 So. 116.

The only attempt made in the bill of complaint to show concert of action or any concern on the part of one respondent with the activities of any other respondent is made in Paragraph XIX of the bill of complaint, which reads as follows:

"Complainant further alleges that the respondents have contrived, combined, confederated, and conspired among themselves to do the acts hereinbefore described and to bring about the public nuisance herein complained of."

The above paragraph does not aver, even in general terms, what the nature of the agreement was between respondents that might constitute the conspiracy. The bill is not made any more specific when it says that the respondents have conspired to do "the acts hereinbefore described," for the reason that the wrongful acts of respondents set out in the prior paragraphs fail to show a common connection of the respondents with any such acts; and for aught appearing, one respondent is wholly unconcerned with the facts as to the others. Stated another way, for aught that appears from the bill, the wrongful acts charged in the prior paragraphs are charged as separate acts of each respondent, separately done. It is true that Paragraph XIII of the bill averred a "loan exchange" agreement between respondents, but such an arrangement is not in itself illegal, nor does it appear that the arrangement was a substantial factor in accomplishing the illegal objective of charging exorbitant interest rates. Consequently, the general averments of the conspiracy, alleged as a conclusion, do not save the bill from multifariousness. I, therefore, respectfully dissent.