Plaintiff, Fred N. Massengill, appeals from summary judgments for the defendants, Malone Freight Lines, Inc., CRST International, CRST, Inc., Herald Smith, John Smith, Paul Shawver, and Joshua R. Oden, Jr. Massengill contends on appeal that summary judgment was inappropriate as to defendants Malone Freight Lines and Oden on counts five and six of his complaint alleging fraud; as to defendants Paul Shawver, Herald Smith, John Smith, CRST International, and CRST, Inc., on counts two and three for tortious interference with Massengill's employment contract with Malone Freight Lines; and as to all named defendants on his claim of a conspiracy to interfere or induce a breach of contract.
Massengill began his employment with Malone Freight Lines in 1972. On August 1, 1980, Massengill and Malone Freight Lines executed an employment contract. The contract provided for a five-year term of employment with automatic renewal and extension for additional one-year terms until April 6, 2000, unless written notice was given by either party at least six months prior to March 1 of a particular year. The contract further provided that if Massengill's employment was terminated, he would be paid $50,000 per year for ten years or until he turned age 65.
Defendant CRST, Inc., was a subsidiary of defendant CRST International, and all of its stock was owned by CRST International. The board of directors of CRST, Inc., consisted of Herald Smith, who served as chairman of the board, John Smith, Miriam Smith, and Paul Shawver, who served as president of CRST, Inc.
On July 9, 1984, CRST, Inc., and Malone Freight Lines executed a purchase agreement whereby CRST International became the sole shareholder of all Malone Freight Lines stock. During the negotiations for the purchase of Malone Freight Lines, *Page 785 
CRST[1] executives expressed concern over the employment contract between Malone Freight Lines and Massengill, and according to Oden, president of Malone Freight Lines, it was the biggest obstacle holding up the sale of Malone Freight Lines to CRST, as it represented a $500,000 liability. Prior to execution of the purchase agreement, several attempts were made by CRST executives to get Massengill to voluntarily relinquish his rights under the contract, but he refused to do so. Three weeks after the execution of the purchase agreement, the new board of directors informed Massengill that his employment contract would not be renewed in March 1985 and that he would be placed on a paid leave of absence until that time.
On May 17, 1985, Massengill filed a complaint against Malone Freight Lines, Inc., CRST International, CRST, Inc., Herald Smith, John Smith, Paul Shawver, and fictitious defendants, alleging breach of contract by Malone Freight Lines; wrongful interference with the employment contract by CRST International, CRST, Inc., Herald Smith, John Smith, and Paul Shawver; conspiracy to interfere with the contract by all the named defendants; and wrongful termination of Massengill without justification by Malone Freight Lines.
On August 15, 1986, three more counts were added to include Joshua Oden, Jr., as a defendant. The additional counts alleged that Oden and Malone Freight Lines made false representations to Massengill in order to induce him into entering into the 1980 employment agreement; continuing fraud by all defendants; and conspiracy to defraud.
Summary judgments were granted and made final pursuant to Rule 54(b), A.R.Civ.P., on all counts as to all the defendants, except for the breach of contract claim against Malone Freight Lines. This claim remains pending in the trial court and is not before this Court on appeal. Massengill appeals the summary judgment in favor of Oden and Malone Freight Lines on his claim of fraud, and the summary judgment in favor of defendants Paul Shawver, Herald Smith, John Smith, CRST International, and CRST, Inc., on his claim of tortious interference with Massengill's employment contract and conspiracy to interfere or induce a breach of contract.
On appeal, Massengill argues that the trial court erred in granting summary judgment in favor of Joshua Oden and Malone Freight Lines on his fraud claims, claiming that at least a scintilla of evidence was presented to support his fraud claims, that the statute of limitations does not bar his fraud claims as a matter of law, and that a fact question existed that should have been determined by the jury; that the trial court erred in granting summary judgment in favor of CRST International, CRST, Inc., Herald Smith, John Smith, and Paul Shawver on Massengill's claim for intentional interference with his employment contract with Malone Freight Lines, claiming that at least a scintilla of evidence was presented to support this claim; and that the trial court erred in granting summary judgment in favor of CRST International, CRST, Inc., Herald Smith, John Smith, Paul Shawver, Joshua Oden, and Malone Freight Lines on his claim of conspiracy to interfere with or breach of his employment contract, claiming that a scintilla of evidence was shown to support this claim.
The standard of review of a summary judgment is well settled:
 "The standard of review of a summary judgment for the defendant based on the ground that plaintiff has failed to prove a cause of action is whether plaintiff has offered some evidence as to every element of the cause of action. Summary judgment for the defendant in such a case is proper only when it clearly appears, with no genuine issue as to any material fact, that there is no evidence as to an essential element of the cause of *Page 786 
action. See Rule 56(c), Ala.R.Civ.P. In determining whether there is any evidence of every element of a cause of action, this Court must review the record in a light most favorable to the plaintiff and resolve all reasonable doubts against the defendant."
Harrell v. Reynolds Metals Co., 495 So.2d 1381, 1383 (Ala. 1986). (Citations omitted.)
We hold that the trial court did not err in granting summary judgment to Malone Freight Lines and Joshua Oden on the fraud counts.
Having thoroughly examined the record in a light most favorable to the non-movant, in this case Massengill, we can find no genuine issue as to any material fact regarding Massengill's fraud claim against Malone Freight Lines or Oden. The trial court, therefore, did not err in granting summary judgment in favor of Malone Freight Lines and Oden as to plaintiff's fraud count.
We next address Massengill's claims of intentional interference with his employment contract by CRST International, CRST, Inc., Herald Smith, John Smith, and Paul Shawver and conspiracy to interfere with or breach the same contract by all the defendants to this action.
In Gross v. Lowder Realty Better Homes Gardens,494 So.2d 590 (Ala. 1986), this Court embraced the general rule followed in most jurisdictions that "one who, without justification to do so, induces a third person not to perform a contract with another, is liable to the other for the harm caused thereby." 494 So.2d at 596.
Under the disputed facts in this case, a tort action of the sort recognized in Gross, supra, will not lie. The contract is ambiguous and susceptible of two constructions. Under one construction, as Massengill contends, he is entitled to $50,000 per year regardless of when he is terminated. Under the other, he is not entitled to any amount if the contract is not renewed; this is the construction argued for by the defendants.
Those provisions of the contract, entitled "compensation agreement," that support the defendants' position are found in paragraph 6, which states:
 "6. The term of this Agreement is five (5) years form March 1, 1980, until March 1, 1985. This Agreement is automatically renewed and extended each year for an additional term of one (1) year beginning March 1, 1985, until April 6th year of 2000 unless written notice is given by either party hereto to the other party at least six (6) months prior to March 1, 1985, and each applicable March 1st of each successive year thereafter. Any such notice must be given by certified mail to the other at the last address of the other as shown on the books of the Company. The basic salary of Executive shall be increased to a sum of not less than $70,000.00 per year (excluding any bonus) for the year beginning March 1, 1982, and each year thereafter covered by this Agreement. All of the other conditions and agreements and all the foregoing covenants contained in this Agreement shall apply to each extension of this Agreement whenever it is automatically renewed."
In support of his contentions, Massengill relies on paragraph 5(b) of the same "compensation agreement," which states:
 "(b) In the event Executive is fired or his employment is terminated within the effective term of this Agreement as it is extended, while living Executive will be paid the sum of $50,000.00 per year for ten (10) years beginning on the effective date of Executive's discharge, but in no event beyond Executive's 65th birthday."
Massengill also relies, in support of his position, on a letter written to him from Oden, which purported to state the purpose of the "compensation agreement." The letter stated:
 "I am confirming our discussions of what I intended to take place under the terms of your employment arrangement with Malone Freight Lines. In accordance with the agreement dated August 1, 1980, it was my purpose that should your employment be terminated by the Company prior to April 6, 2000, you will be entitled to annual payments of $50,000 *Page 787 
per year up to your 65th birthday, but in no event more than 10 years."
We, therefore, hold that the trial court did not err in granting summary judgment in favor of those defendants charged with intentional interference with a business or contractual relation.
Because there was not a scintilla of evidence to support Massengill's intentional interference claim, it follows that his conspiracy claim must fail as well. This Court has held:
 " 'Where civil liability for a conspiracy is sought to be enforced, the conspiracy itself furnishes no cause of action. The gist of the action is not the conspiracy alleged but the wrong committed.' O'Dell v. State ex rel. Patterson, 270 Ala. 236, 240, 117 So.2d 164, 168 (1959). Since we have already determined that [plaintiff] failed to establish a prima facie case of tortious interference as a matter of law, the conspiracy claim must also fail because there is no 'actionable wrong' to support the latter theory. Griese-Traylor Corp. v. First National Bank, 572 F.2d 1039 (5th Cir. 1978)."
Purcell Co. v. Spriggs Enterprises, Inc., 431 So.2d 515, 522
(Ala. 1983).
We therefore hold that summary judgment in favor of Malone Freight Lines and Joshua Oden as to the fraud counts was proper; that summary judgment was proper as to CRST International, CRST, Inc., Paul Shawver, Herald Smith, and John Smith as to the intentional interference with business or contractual relationship counts; and that summary judgment was proper as to all defendants as to the claim of conspiracy to interfere with a contract.
AFFIRMED.
JONES, SHORES, ADAMS and HOUSTON, JJ., concur.
[1] CRST, Inc., and CRST International were inconsistently referred to in their briefs by all the parties in this action. Whenever possible in this opinion, distinctions have been made between the two entities. However, when no distinction has been made by the parties, the entities have been referred to collectively as CRST. Such a reference has no impact on the outcome of this particular action.