INGRAM, Justice.
Billy Joe Baker and Travis Chandler sued James Hanks and D.R. Kemp, after Kemp had failed to repay money that Baker and Chandler had lent him. Hanks had arranged the loan. The trial court entered a summary judgment for Hanks and made its judgment final pursuant to Rule 54(b), Ala.R.Civ.P. Baker and Chandler appeal from that judgment on their claims alleging breach of contract, fraud, and conspiracy.
A summary judgment is proper and must be affirmed on appeal if the evidence, viewed in a light most favorable to the nonmoving party, shows that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. Rule 56, Ala.R.Civ.P.; Lowe v. East End Memorial Hospital & Health Centers, 477 So.2d 339 (Ala.1985). Once a party moving for a summary judgment makes a prima facie showing that there is no genuine issue of material fact and that the movant is entitled to a judgment as a matter of law, the burden shifts to the nonmovant to present substantial evidence creating a genuine issue of material fact. Rule 56; § 12-21-12, Ala.Code 1975; Hanners v. Balfour Guthrie, Inc., 564 So.2d 412 (Ala.1990). If the nonmovant fails to meet this burden, then a summary judgment must be entered in favor of the movant. Coggin v. Starke Bros. Realty Co., 391 So.2d 111 (Ala.1980).
Kemp had been a student of Hanks when Hanks was a college professor several years ago. Hanks, a personal friend and business associate of Chandler, informed him that Kemp needed a loan to finance the building of a condominium development in Tuscaloosa, Alabama. Hanks had an agreement with Kemp that Hanks would sell the condominiums once they were built. Hanks told Chandler that Kemp needed a loan of $25,000 and would repay $30,000 in 30 days. Chandler discussed this with Baker and again spoke with Hanks about the loan; however, Kemp borrowed the money from Hanks’s son instead, so the loan was not needed. A few days later, however, Chandler and Baker again spoke with Hanks about lending $25,-000 to Kemp, who needed additional money. According to Baker, Hanks told Chandler, “You don’t think I would let my son make it if it wasn’t a good loan? I’m handling it. I will be involved in the condominium. I will see that you get your money.” According to Hanks, he told Chandler and Baker that Kemp needed the money to repay Hanks’s son. Neither Chandler nor Baker had ever met Kemp. However, on June 19, 1992, Chandler and Baker gave Hanks a $25,000 check payable to Kemp, and Chandler and Baker received a promissory note and a $30,-000 check from Kemp dated July 20, 1992. Kemp had signed both instruments. Hanks signed neither instrument, although he filled in the check, other than Kemp’s signature, and had made minor changes, such as the date, on the promissory note.
After July 20, 1992, Chandler and Baker attempted to cash the $30,000 check, but were informed that Kemp’s bank account had been closed. According to Baker, when he then telephoned Kemp, Kemp told him Hanks had known that the check was “not any good” and that the money went toward a transaction to import Russian vodka. Hanks, although admitting that he was involved in a vodka transaction with Kemp, denied having any knowledge that the loan proceeds went to that transaction. The record indicates that the condominiums in Tuscaloosa have not been built. The record further indicates that Kemp’s $30,000 loan repayment cheek to Hanks’s son, like the $30,000 check to Chandler and Baker, was returned without payment.
Chandler and Baker first contend that Hanks breached an oral agreement to pay them the $30,000 owed to them by Kemp.
The Alabama Statute of Frauds, Ala.Code 1975, § 8-9-2, provides:
“In the following eases, every agreement is void unless such agreement or some note or memorandum thereof expressing the consideration is in writing and subscribed by the party to be charged therewith or some other person by him thereunto lawfully authorized in writing:
“(3) Every special promise to answer for the debt, default, or miscarriage of another.”
*1157 If an agreement is “collateral,” rather than “original,” the agreement falls within the Statute of Frauds and must therefore be in writing. A collateral agreement is one in which the object of the promise is to become the guarantor of another’s debt, while an original agreement is one in which the effect of the promise is to pay the debt of another, but the object of the promise is to promote some purpose of the promisor. Fendley v. Dozier Hardware Co., 449 So.2d 1236 (Ala. 1984).
Viewing the evidence in a light most favorable to Chandler and Baker, we conclude that the record shows no agreement between them and Hanks for Hanks to repay the loan. As noted above, Hanks did not sign the promissory note or the loan repayment check. We decline to hold that a statement by Hanks that he would “see to it” that their loan was repaid, without more, constituted an oral contract. We further note that, even if Chandler and Baker had produced evidence of an agreement by Hanks to repay the loan, such an agreement would be a collateral agreement to become the guarantor of another’s debt and would thus fall within the purview of § 8-9-2(3). Therefore, the agreement would have to be in writing to be enforceable. See Christian Television Corp. v. RCH Broadcasting, Inc., 554 So.2d 989 (Ala.1989). The trial court properly entered a summary judgment in favor of Hanks on the contract claim.
Chandler and Baker next argue that they presented substantial evidence that Hanks committed fraud when speaking with them about the loan, in order to induce them to make the loan to Kemp. They also contend that they presented substantial evidence that Hanks entered into a conspiracy with Kemp to defraud them.
To prove a fraud claim, a plaintiff must establish the following elements: (1) that the defendant made a false representation; (2) that the false representation concerned a material existing fact; (3) that the plaintiff relied upon the false representation; and (4) that the plaintiff was damaged as a proximate result of the reliance. Earnest v. Pritchett-Moore, Inc., 401 So.2d 752 (Ala.1981); Harmon v. Motors Ins. Corp., 493 So.2d 1370, 1373 (Ala.1986). However, if fraud is based on a promise to perform in the future, then the plaintiff must prove two additional elements: (1) that the defendant intended, at the time of the misrepresentation, not to perform the act promised; and (2) that the defendant intended to deceive. Clanton v. Bains Oil Co., 417 So.2d 149 (Ala.1982); D.H. Holmes Dep’t Store v. Feil, 472 So.2d 1001 (Ala.1985).
A civil conspiracy requires a combination of at least two individuals “to accomplish a lawful end by unlawful means.” Drill Parts & Serv. Co. v. Joy Manufacturing Co., 619 So.2d 1280, 1290 (Ala.1993).
The trial court also properly entered the summary judgment in favor of Hanks on the fraud and conspiracy claims. Hanks’s alleged statements to Chandler and Baker about the condominiums were based on an event to occur in the future: Kemp’s completion of a condominium development. Chandler and Baker presented no substantial evidence that Hanks intended to deceive them about Kemp, the condominium development, or the loan. In addition, Chandler and Baker produced no substantial evidence that Kemp and Hanks conspired to defraud them. A conspiracy claim must fail if the underlying act itself does not support an action. See Massengill v. Malone Freight Lines, Inc., 538 So.2d 784 (Ala.1988); Sadie v. Martin, 468 So.2d 162 (Ala.1985).
The judgment of the trial court is affirmed.
AFFIRMED.
ALMON, SHORES, HOUSTON, and BUTTS, JJ., concur.