STEAGALL, Justice.
Steven and Cindy R. Spivey sued Southeastern Car and Truck Rentals, Inc. (hereinafter “Southeastern”), alleging that Southeastern had engaged in misrepresentation, concealment, and breach of contract in connection with the Spiveys’ purchase of a 1987 Pontiac Grand Am automobile. The court entered a summary judgment in favor of Southeastern, and the Spiveys appeal.
The Spiveys argue that they presented clear and convincing proof of actionable fraud committed against them by Southeastern [1] and that the summary judgment is due to be reversed.[2] In Count one, the Spiveys alleged fraud on the part of Southeastern, saying that it “did fraudulently or negligently make or cause to be made material misrepresentations to the [Spiveys], upon which the [Spiveys] relied and suffered damages.”
In October 1988, the Spiveys went to Avis Rent-A-Car in Montgomery, Alabama, to look at used cars offered for sale there by Southeastern.[3] The Spiveys noticed a 1987 Pontiac Grand Am, parked away from the automobiles offered for sale. When they inquired concerning the car, they were told by Bill Hudgens, president of Southeastern, that he would have to check to see if the car was for sale. Hudgens left, went into the office, and returned shortly, advising the Spiveys that the car was for sale. Hudgens further told the Spiveys that the sale did not begin until the following day and that it would be necessary for them to return then if they wanted to purchase the car. Before leaving the car lot, the Spiveys took the car for a test drive. They testified during depositions that they noticed nothing wrong with the car at that time. Upon returning from *2 the test drive, Mrs. Spivey asked Hudgens if the car was in “good condition”; she said that he answered that it was. The Spiveys left and returned the next morning to purchase the automobile. ' On this visit, they spoke with Shannon Claborn, an agent of Southeastern. They advised Claborn that they intended to purchase the automobile, and again, Mrs. Spivey said, she asked if the automobile was in “okay condition” and was told that it was in good condition. The Spiveys subsequently purchased the automobile from Southeastern, and they drove it until March 1990. During that time, according to the Spiveys, it was a good car. On March 12, 1990, after deciding to trade it in on another car, Mrs. Spivey drove the car to Perry Hill Auto Sales (hereinafter “Perry Hill”). After an inspection and test drive of the automobile, an agent of Perry Hill told Mrs. Spivey that he believed the Grand Am had been wrecked. A subsequent investigation by Mrs. Spivey revealed that the Grand Am had, in fact, been damaged in an automobile accident. Southeastern later made available to the Spiveys repair bills from the body shop that had effected the repairs on the Grand Am. Thereafter, the Spiveys sued Southeastern, contending that its failure to tell them that the car had been wrecked constituted fraud on Southeastern’s part.
During her deposition, Mrs. Spivey testified that she had asked only if the car was in good condition and had not asked specific questions concerning the automobile. She stated that she was told that the car was in good condition and that she had not been told that the car had never been wrecked. Additionally, Mrs. Spivey testified that when she took the car to Perry Hill, approximately 17 months after it was purchased from Southeastern, she believed, and, in fact, told an agent of Perry Hill, that the car was in good condition.
Mr. Spivey testified during his deposition that he had no personal knowledge of any misrepresentations made by Southeastern concerning the car. He further testified that he could not say whether anyone at Southeastern represented the car to be “in good and undamaged condition and free of defects,” as was alleged in the complaint against Southeastern. Additionally, Mr. Spivey testified that the car was in good condition when it was taken to Perry Hill.
Two recent fraud cases involving the sale of used cars, Curtis v. Bill Byrd Automotive, Inc., 579 So.2d 590 (Ala.1990), and Harris v. M & S Toyota, Inc., 575 So.2d 74 (Ala.1991), are readily distinguished from the instant case. In Curtis, the trial court entered a summary judgment in favor of Bill Byrd Automotive, Inc., and this Court reversed. Curtis bought a used automobile after inquiring specifically whether it had been wrecked. Curtis testified that he remarked to a salesman at Bill Byrd Automotive that he “wondered if [the car] had ever been wrecked.” 579 So.2d at 592. The salesman never replied. Curtis bought the car and later learned that it “had sustained major damage to its internal components and the body of the automobile, and [that] it appeared that the damage was a result of the car being wrecked.” 579 So.2d at 593. Curtis further stated that the car had developed major problems and that “because of the condition of the vehicle, it [was] ‘impracticable’ to attempt to further repair it.” 579 So.2d at 593. Additionally, Curtis stated that had he known the vehicle had been wrecked, he would not have purchased it.
In Harris, there was evidence that both a salesman and the sales manager at M & S Toyota, Inc., orally told the Harrises that the car the Harrises were interested in purchasing had never been involved in an accident. Mr. Harris testified that the oral representations had induced them to purchase the car. Thereafter, the Harrises said, they learned that the car had, in fact, sustained body damage as the result of an automobile accident. This Court held that the Harrises’ evidence presented a jury question on the issue of fraud, although it affirmed the trial court’s grant of a new trial because improper evidence had been admitted.
Both in Curtis and in Harris there was clearly evidence of fraudulent conduct on the part of the automobile dealers; however, there was no evidence of such conduct in this case. Here, when the Spiveys *3 asked Southeastern representatives if the car was in good condition, they simply answered that it was. Further, the Spiveys themselves perceived the car to be in good condition, even after learning that the car had sustained body damage and had been repaired. Mrs. Spivey testified at deposition as follows:
“Q. Was there ever a statement made to you by anybody out at the Avis place ... when you were purchasing that vehicle that you now say is false?
“A. Are you asking me if anybody told me there was going to be a problem with the car?
“Q. No. The question is, was any statement made to you by Bill Hud-gens or Shannon Claborn or Monya Claborn that you now say was a false statement?
“A. When I asked if the car was in good condition and everything was okay with it, I was told that it was.
“Q. And you say that even when the car was sold or taken to Perry Hill, it was in good condition, is that correct?
“A. Yes. For the age of the car, it was in generally good condition.”
In Ramsay Health Care, Inc. v. Follmer, 560 So.2d 746, 749 (Ala.1990), this Court set forth the essential elements of a fraud claim:
“The essential elements of a fraud claim are: (1) misrepresentation of a material fact; (2) made willfully to deceive, or recklessly without knowledge; (3) which was justifiably relied upon by the plaintiff under the circumstances; and (4) which caused damage as a proximate consequence.”
(Citation omitted.)
After a thorough review of the evidence before the trial court, we conclude that the Spiveys failed to offer substantial evidence that Southeastern had misrepresented a material fact in the sale of the car. In addition, the Spiveys failed to show that they suffered any damage or loss as a result of the transaction. See Poole v. Henderson, Black & Greene, Inc., 584 So.2d 485 (Ala.1991).
The summary judgment is due to be, and it is hereby, affirmed.
AFFIRMED.
HORNSBY, C.J., and ALMON, ADAMS and INGRAM, JJ., concur.

. The standard of proof necessary to defeat a properly supported motion for summary judgment is not "clear and convincing” proof but, rather, "substantial evidence.” See Ala.Code 1975, § 12-21-12. See, also, Rule 56, A.R.Civ.P.

. We note that although the original complaint contained three counts, the Spiveys argue only that the summary judgment was inappropriate as to count one of the complaint, to-wit, the fraud count. Therefore, any errors as to counts two and three of the complaint are waived on appeal. Bogle v. Scheer, 512 So.2d 1336 (Ala.1987).

.Southeastern is a licensee of Avis Rent-A-Car. The principal business of Southeastern is the retail sale of used automobiles.