INGRAM, Justice.
Shannon McGregor appeals from a summary judgment entered against her in her suit against Landmark Chevrolet, Inc. (“Landmark”), and two of Landmark’s salesmen, Richard Griffin and Steve Whit-worth. McGregor’s complaint, which alleged fraud, negligence, and wantonness, stemmed from her purchase of an automobile from Landmark. McGregor alleged that Landmark, through its agents, Griffin and Whitworth, intentionally made false statements to her regarding the extent to which the automobile she was purchasing had been damaged during a test drive by a potential buyer. The only issue raised on this appeal is whether the summary judgment against McGregor’s fraud claim was proper.
A summary judgment may be entered only when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Rule 56(c), A.R.Civ.P.; Southern Guar. Ins. Co. v. First Alabama Bank, 540 So.2d 732 (Ala.1989). The burden is, therefore, upon the moving party to clearly show that there is no material fact in dispute, and all reasonable inferences from the evidence are to be viewed most favorably to the nonmovant. Southern Guar. Ins. Co., supra.
Rule 56 is read in conjunction with the “substantial evidence rule,” § 12-21-12, Ala.Code 1975, for actions filed after June 11, 1987. See Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794 (Ala.1989). In order to defeat a properly supported motion for summary judgment, the plaintiff must present substantial evidence, i.e., “evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989).
The evidence that was before the trial court when it entered the summary judgment reveals the following: In July 1989, McGregor went to Landmark to inquire about purchasing an automobile. Upon arriving at Landmark, McGregor talked with Griffin. In response to McGregor’s question as to whether Landmark had any “good deals on a car,” Griffin pointed out a 1988 Chevrolet Cavalier, and the two took the automobile for a test drive.
When McGregor and Griffin returned to the dealership, they began discussing the price of the automobile. At that time, Griffin told McGregor that the automobile had been “bumped in the parking lot.” How *911 ever, after talking with Whitworth, Griffin corrected himself by telling McGregor that the accident had actually occurred on a test drive.
Two days after first talking with Griffin, McGregor executed the necessary paperwork to purchase the automobile. McGre-gor testified in her deposition that she could see each document that she signed and that she was told what each document was before she signed it. Among the documents that McGregor signed was a “Retail Purchase Contract,” which contained a “Purchaser Acknowledgment” provision. That provision contained a clause specifically informing the purchaser that the automobile might have suffered damage, and McGregor signed that document directly underneath that clause. McGregor also executed an “Acknowledgment of Disclosure,” which indicated that the automobile had been damaged. Finally, she signed the actual repair estimate itself, which listed the repairs made to the automobile. Before she signed the “Acknowledgment of Disclosure,” Griffin informed McGregor that the document “shows that you know the car has been wrecked.”
After purchasing the automobile from Landmark, McGregor made no payments on the automobile, and the automobile was repossessed in December 1989 by the bank that had financed the purchase. In December 1990, McGregor filed her fraud action against Landmark, Griffin, and Whitworth.
In Ramsay Health Care, Inc. v. Follmer, 560 So.2d 746, 749 (Ala.1990), this Court wrote:
“The essential elements of a fraud claim are: (1) misrepresentation of a material fact; (2) made willfully to deceive, or recklessly without knowledge; (3) which was justifiably relied upon by the plaintiff under the circumstances; and (4) which caused damage as a proximate consequence.”
(Citation omitted.) In the present ease, we need look no further than the first element in order to conclude that McGregor failed to present substantial evidence of a genuine issue of material fact.
In support of their summary judgment motion, Landmark, Griffin, and Whitworth submitted a brief and the deposition of McGregor. In response to the summary judgment motion, McGregor submitted, among other things, a brief and an affidavit from A1 Bass, an automobile damage estimator. Bass’s affidavit, however, reveals only his opinion as to the value of the automobile. Bass’s affidavit reveals nothing regarding the extent to which the automobile had been previously damaged. In short, nothing that McGregor presented in opposition to the summary judgment motion can logically be viewed as substantial evidence in regard to a genuine issue of material fact.
In our recent case of Spivey v. Southeastern Car & Truck Rentals, Inc., 591 So.2d 1 (Ala.1991), we considered whether a summary judgment on a fraud claim was proper under facts similar to those presented in the present case. In Spivey, the plaintiffs alleged, among other things, that the defendant had defrauded them by failing to disclose that the automobile they were purchasing had been previously wrecked. One of the plaintiffs testified that she had asked if the automobile they were considering buying was “in good condition” and that she received an affirmative reply. However, several months after purchasing the automobile, the plaintiffs discovered that the automobile had been wrecked. The plaintiffs then sued, alleging that the defendant’s failure to tell them that the automobile had been wrecked constituted fraud, in light of their representations that the automobile was in good condition. On appeal, we affirmed a summary judgment for the defendant.
In the present case, the evidence shows, even more clearly than did the evidence in Spivey, that the defendants made no misrepresentation. Here, the evidence clearly shows that Landmark disclosed, both orally and in writing, that the automobile had been damaged and the manner in which it was damaged. Moreover, McGre-gor was presented with an actual repair estimate, which listed the repairs that had been made to the automobile.
*912 Because the evidence presented by Landmark, Griffin, and Whitworth in support of their summary judgment motion clearly shows that McGregor was informed that the rear of the automobile had sustained damage as the result of an accident that occurred on a test drive, and because McGregor presented nothing that created a genuine issue of material fact requiring resolution by a jury, we conclude that the court properly entered the summary judgment for Landmark, Griffin, and Whit-worth.
The judgment of the trial court is due to be affirmed.
AFFIRMED.
HORNSBY, C.J., and ALMON, ADAMS and STEAGALL, JJ., concur.