Sandra McLemore sued Bill Russell Ford, Inc. ("Bill Russell"), and Ford Motor Company ("Ford"), alleging 1) that she had purchased a used 1989 Ford Probe automobile from Bill Russell; 2) that that vehicle had previously been wrecked; and 3) that these defendants had fraudulently concealed from her the fact that the vehicle had previously been wrecked. By amendment she added Ford Motor Credit Company ("FMCC") as a defendant. The trial court entered a summary judgment on behalf of the defendants Bill Russell and FMCC and a partial summary judgment in favor of the defendant Ford. The court made those judgments final pursuant to Rule 54(b), Ala.R.Civ.P. The plaintiff appeals. We affirm. (The defendant Ford filed a cross-appeal, but in this Court it states that it no longer pursues that appeal. It will be dismissed as moot.)
Sandra McLemore bought a used Ford Probe vehicle from the Bill Russell Ford dealership on January 23, 1990. The record reflects that the car had been sold by Ford initially to Alamo Rent-a-Car Company. Under its arrangements with Alamo, Ford repurchased the vehicle when its odometer registered over 20,000 miles. Ford then sold the car at a "dealer's only" auction run by the Automobile Dealers Exchange ("ADE") in Moody. Bill Russell bought it there and then sold it to the plaintiff, after she had test driven it for two days. During the two-day test drive, she took the car to a mechanic, who inspected it and test drove it himself. He did not disclose any wreck damage or report any other problems with the car.
The plaintiff used the car for two years, driving it over 50,000 miles. She avers that when she sought to trade the vehicle in for a new car, she learned that it had had wreck damage. She sued, alleging that the automobile had been wrecked, rebuilt, and then sold to her as an undamaged car, and that the defendants had conspired to fraudulently conceal and/or suppress the material fact that the vehicle had been wrecked and rebuilt. The complaint also contained counts alleging negligent misrepresentation, breach of contract, and breach of warranty.
The defendants filed motions for summary judgment, asserting that they had made no misrepresentation and had breached no contract or warranty. The trial judge, after a hearing on the motions, entered a summary judgment, with an order reading as follows:
 "Defendants' respective Motions for Summary Judgment came on to be heard. This Court, thereafter, reviewed virtually the entirety of all deposition testimony. It appears plaintiff has, essentially, set out to prove a conspiracy between Ford Motor Company, Ford Motor Credit Company and Bill Russell Ford. Despite innuendoes gleaned from numerous depositions, substantial evidence is not there. Further, and of equal importance, is that the plaintiff observed the patent defects and even kept the car for two days, to have it inspected by her selected mechanic. She has placed some 50,000 miles on a used car which exhibited 'scratches' on the roof; she was in a position to afford greater scrutiny to the entire vehicle, including paint scratches, than Bill Russell Ford, who received no notice of repairs. Neither Bill Russell nor Ford Motor Company chose to repair the roof, though ADE did some touch up paint not sufficient to warrant a financial charge to Ford.
 "There is no substantial evidence that the car was ever wrecked, but, assuming arguendo, that it was, the damage and repair occurred while the car was not owned by any defendant.
 "Further, there is substantial evidence that Ford Motor Company has a policy of not repurchasing cars which had substantial damage.
 "The only single issue that this Court can seriously entertain is a negligent misrepresentation on the part of Ford Motor Company by not sending proof of ADE repairs to Bill Russell Ford."
The court entered a summary judgment for all defendants as to all claims except as to Ford Motor Company on the negligent misrepresentation claim. The court made that *Page 550 
summary judgment final. The plaintiff appeals. However, she makes no issue concerning the contract and warranty claims. We have before us the plaintiff's claim that the trial court erred in entering the summary judgment for the defendants on the count alleging fraud and conspiracy to defraud and for Bill Russell Ford on the negligent misrepresentation claim.
Rule 56, A.R.Civ.P., sets forth a two-tiered standard for determining whether to enter a summary judgment. In order to enter a summary judgment, the trial court must determine: 1) that there is no genuine issue of material fact and 2) that the moving party is entitled to a judgment as a matter of law. In determining whether a summary judgment was properly entered, the reviewing court must view the evidence in a light most favorable to the nonmovant. See Turner v. SystemsFuel, Inc., 475 So.2d 539, 541 (Ala. 1985); Ryan v. CharlesTownsend Ford, Inc., 409 So.2d 784 (Ala. 1981). Rule 56 is read in conjunction with the "substantial evidence rule" (§12-21-12, Ala. Code 1975), for actions filed after June 11, 1987. See Bass v. SouthTrust Bank of Baldwin County,538 So.2d 794, 797-98 (Ala. 1989). In order to defeat a properly supported motion for summary judgment, the plaintiff must present "substantial evidence" creating a genuine issue of material fact; "substantial evidence" is "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assurance Co.of Florida, 547 So.2d 870, 871 (Ala. 1989).
In order to prove fraud, the plaintiff must establish that there was a misrepresentation of a material fact, that it was made willfully to deceive or recklessly without knowledge, that it was justifiably relied upon, and that it thereby proximately caused damage to the plaintiff. McGregor v.Landmark Chevrolet, Inc., 596 So.2d 909, 911 (Ala. 1992). The trial judge held that the plaintiff had failed to produce substantial evidence that the car had been wrecked. In fact, she presented no evidence that the car was ever wrecked or involved in an accident before it was sold to the plaintiff. She presented no evidence that Ford or Bill Russell had any knowledge of any damage to the car. The evidence was that Bill Russell bought the vehicle at an ADE "dealer's only" auction. At ADE, the car went through a reconditioning process in which it was cleaned and in which cosmetic repairs were made. An employee of FMCC, Earnest Neumann, testified by deposition that the reconditioning costs related to this car included $210 for painting and $60 for cleaning. He further testified that if repairs had exceeded $500, then that fact would have been noted on the car's windshield at the auction. He also testified that Ford will not repurchase vehicles that have $1000 worth of damage.
In her deposition, the plaintiff was questioned as to whether she had specifically asked the salesman if the car had been "damaged," as opposed to "wrecked." She answered, "Maybe not the word 'damaged,' but I asked him about scratches on the top. That was what I meant when I asked him about [the scratches], because it was obvious that the top had some damage." There is no evidence of concealment here. Therefore, the trial court properly held that the plaintiff failed to produce substantial evidence of fraud. Spivey v.Southeastern Car Truck Rentals, Inc., 591 So.2d 1 (Ala. 1991).
We next look to the plaintiff's allegations of civil conspiracy to defraud. "Where civil liability for a conspiracy is sought to be enforced, the conspiracy itself furnishes no cause of action. The gist of the action is not the conspiracy alleged but the wrong committed.Louisville N.R. Co. v. National Park Bank, 188 Ala. 109,65 So. 1003 [1914]; Humphrey v. Terry, 206 Ala. 249, 89 So. 607
[1921]." O'Dell v. State ex rel. Patterson, 270 Ala. 236, 240,117 So.2d 164, 168 (1959). A civil conspiracy requires a combination of two or more individuals to accomplish an unlawful purpose or to accomplish a lawful end by unlawful means. Barber v. Stephenson, 260 Ala. 151, 69 So.2d 251 (1953);Eidson v. Olin Corp., 527 So.2d 1283, 1285 (Ala. 1988).
We have carefully studied the record, and we conclude that the trial judge properly entered the summary judgment for the defendants as to the plaintiff's civil conspiracy *Page 551 
claim, because she presented no evidence of concealment regarding damage or repainting of the vehicle. Because the underlying cause of action is not viable, the conspiracy claim must also fail. Allied Supply Co. v. Brown, 585 So.2d 33,36 (Ala. 1991).
We next consider the plaintiff's contention that there was an agent/principal relationship between Bill Russell and Ford and, thus, that Bill Russell was not entitled to a summary judgment on the negligent misrepresentation claim, which the court allowed to stand against Ford alone. Whether an agent/principal relationship exists depends upon whether there is evidence of a retained right of control, whether the control is exercised or not. John R. Cowley Bros., Inc. v.Brown, 569 So.2d 375 (Ala. 1990).
However, agency may not be presumed. Battles v. Ford MotorCredit Co., 597 So.2d 688 (Ala. 1992). The plaintiff failed to produce substantial evidence of an agent/principal relationship between the two in regard to the used car business. Bill Russell sells used cars of all types, not just Ford cars. The plaintiff herself testified to having previously purchased a Jeep Eagle Medallion vehicle and a Chevrolet Cavalier automobile at the dealership. The "Sales and Service Agreement" between Ford and Bill Russell expressly states that the dealer is not the agent of Ford. An amendment to this agreement, by which Ford acquired an ownership interest in the dealership, expressly provides that only William L. Russell will maintain the authority for the operating management of the dealership.
Finally, the plaintiff contends that the defendants' briefs in support of the motions for summary judgment were not timely filed. We have carefully studied the chronology of the filing and conclude that the trial court did not err in considering the defendants' briefs. The trial court may consider all evidence of record in ruling on a motion for summary judgment. Burkett v. Loma Machine Mfg., Inc.,552 So.2d 134 (Ala. 1989).
For the reasons stated above, the judgment of the trial court is due to be affirmed.
1921030 — AFFIRMED.
1921076 — DISMISSED AS MOOT.
HORNSBY, C.J., and MADDOX, HOUSTON and KENNEDY, JJ., concur.